El Juez Presidente Señor Pons Núñez no intervino.

---

*In re* RAMÓN L. APONTE SIERRA, querellado.

*Número:* MC-90-35          *Resuelto:* 12 de marzo de 1991

*Norma Cotti Cruz, Subprocuradora General, e Ivonne Casanova Pelosi,
Procuradora General Auxiliar,* abogadas de El Pueblo, en Informe.

PER CURIAM: El 31 de julio de 1990 el Sr. Pedro Rafael Rivera
Sosa (querellante) presentó ante el Procurador General una
querella jurada contra el Lic. Ramón L. Aponte Sierra
(querellado) para alegar que, en su capacidad de notario, éste
autorizó fraudulentamente una escritura donde se vendía una
propiedad perteneciente al querellante. Adujo que alguien se hizo
pasar por él y le vendió dicha propiedad a los esposos Héctor
Guzmán y Jennifer Figueroa, otorgando instrumento público ante
el querellado.

El querellante presentó, además, una acción civil de reivindi-
cación en donde, entre otros, demanda al querellado por fraudu-
lentamente haber autorizado la escritura de compraventa. Allí
alegó que él nunca compareció ante dicho notario a otorgar la
misma.

En su querella, el señor Rivera Sosa expresó que ha tratado
de localizar al querellado, pero que todas sus gestiones han
resultado infructuosas "ya que éste continuamente se muda de
lugar en lugar sin que se pueda dar con él". Apéndice I. De hecho,
en la acción civil no ha podido emplazar al querellado, ya que luego
de realizar múltiples gestiones[1] advino en conocimiento de que
éste se había mudado para el estado de Florida.

El 23 de agosto de 1990 el Procurador General presentó ante
este Foro un informe sobre la querella presentada por el señor

---

[1] Tales gestiones están avaladas por la declaración jurada presentada por el Sr.
José R. Ortiz Rodríguez, emplazador en la acción civil.

Rivera Sosa. En el mismo nos informa que trató de comunicarse con el querellado en la dirección que de éste consta en el Colegio de Abogados y en la Oficina de Notarías de este Foro, pero "él no se encuentra en dicha dirección". Informe del Procurador General, pág. 2. Añade que en el Colegio de Abogados se le informó que el querellado no ha pagado las cuotas de colegiación desde hace cinco (5) años. De igual manera nos informa que se comunicó con el padre del querellado (Sr. Ramón L. Aponte), quien informó desconocer la dirección de su hijo en Florida.

En vista de la inaccesibilidad del querellado, hecho que obstaculiza no sólo el proceso judicial donde él es parte sino también los procedimientos investigativos de la Oficina del Procurador General, el Procurador nos solicita que dispongamos "lo que en derecho proceda". Informe, *supra*, pág. 3. Así lo hacemos.

## II

■ Es deber de todo abogado notificar al Secretario General de este Tribunal cualquier cambio en su dirección postal. Regla 8(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. I-A. El incumplimiento de tal deber, que menoscaba la facultad de este Tribunal para velar por que los abogados cumplan fielmente los compromisos asumidos con la sociedad, es causa suficiente para decretar la separación indefinida de la abogacía. *In re Berríos Pagán*, 126 D.P.R. 458 (1990).

■ El desconocimiento del paradero de un abogado obstaculiza y paraliza irrazonablemente las gestiones investigativas de la Oficina del Procurador General en las quejas que los ciudadanos presenten contra aquél. La salida de esta jurisdicción, sin informar su nueva dirección, hace ineficaz y fútil cualquier requerimiento de dicha oficina o de este Tribunal. *Cf. In re Pagán Ayala*, 115 D.P.R. 814 (1984); *In re Izquierdo*, 126 D.P.R. 202 (1990).

■ Además, no podemos tolerar que mediante el abandono de la jurisdicción sin dejar dirección futura y con el aparente propósito de burlar una acción civil y los procedimientos discipli-

narios en su contra, los miembros de la clase togada menoscaben la facultad investigativa de la Oficina del Procurador General y la facultad disciplinaria de este Foro. Quien así actúa defrauda la fe de nuestra sociedad en quienes ha depositado la confianza de abogar por sus derechos en busca de justicia, y es indigno de ostentar este título. *In re Kiefer*, 117 D.P.R. 767 (1986).

## III

En el caso de autos, tanto el querellante como la Oficina del Procurador General han agotado todos los recursos a su alcance para localizar al abogado de epígrafe. El querellante trató infructuosamente de emplazarlo, en la acción civil, en la dirección que de dicho abogado obra en el Colegio de Abogados. Inquirió sobre su paradero a la hermana, al padre y a otros familiares cercanos de dicho abogado. Tales gestiones resultaron estériles. Acudió entonces a la Oficina del Procurador General. Las gestiones del Procurador General para tratar de localizarlo corrieron igual suerte.

Por el incumplimiento de su deber de notificar su nueva dirección, por obstaculizar la labor investigativa del Procurador General y por constituir un intento de menoscabo a la facultad disciplinaria de este Tribunal, *procede la separación indefinida del querellado de la profesión de abogado.*

*Se dictará sentencia de conformidad.*