COLEGIO DE ABOGADOS DE PUERTO RICO, querellante, *v.* JOHN BELLO HERNÁNDEZ, querellado.

*Número:* 4329        *Resuelto:* 21 de diciembre de 1993

---

*Mady Pacheco García de la Noceda*, Directora Ejecutiva del Colegio de Abogados de Puerto Rico, querellante.

PER CURIAM: El 13 de julio de 1993 emitimos la resolución siguiente:

> Vista la Moción Informativa presentada por el Colegio de Abogados de Puerto Rico solicitando la terminación de la fianza notarial presentada el 21 de enero de 1974 por el Lic. John Bello Hernández y en vista de que, según dicha moción, el notario tiene la prima de su fianza notarial al descubierto, se le concede a éste un término de veinte (20) días, contados a partir de la notificación de esta Resolución, para mostrar causa por la cual no deba ser suspendido del ejercicio de la notaría. Se apercibe al notario que el incumplimiento con los términos de esta Resolución conllevará la suspensión automática del ejercicio de la notaría y podrá dar lugar a sanciones disciplinarias adicionales conforme lo dispuesto en *In Re: Pagán Ayala*, 115 DPR 814 (1984).

Se notificó esta resolución mediante correo certificado con acuse de recibo a la dirección siguiente: Box E, Oficina 1 Edificio Darlington, Ponce, Puerto Rico, 00731. Este Tribunal no ha recibido evidencia de que el querellado haya sido efectivamente notificado.

En vista de que el querellado no compareció, emitimos el 22 de octubre de 1993 una resolución en la cual le concedimos un término final e improrrogable de diez (10) días para cumplir la orden. Se le apercibió nuevamente de que su incumplimiento conllevaría su suspensión del ejercicio de la abogacía. Se ordenó, por último, que se le notificara personalmente a través de la Oficina del Alguacil General.

El 8 de noviembre de 1993 el Alguacil Auxiliar Rubén D. Zayas Rivera presentó ante este Tribunal un Diligenciamiento Negativo, explicando que no encontró al querellado. Sus diligencias incluyeron visitas a las tres (3) direcciones que constan en el expediente del licenciado Bello, al Centro Judicial de Bayamón y a la Comandancia de la Policía de Puerto Rico, Precinto de Bayamón. También intentó infructuosamente localizarlo por vía telefónica.

Evidentemente el querellado incumplió su deber de notificar al Secretario de este Tribunal cualquier cambio en su dirección postal. Este deber surge de la Regla 8(j) del Reglamento del Tribunal Supremo. Además, el Art. 7 de la Ley Notarial de Puerto Rico de 1987 dispone, en lo pertinente, lo siguiente:

> Luego de aprobada la fianza y de prestar el juramento de su cargo, el notario deberá registrar su firma, signo, sello y rúbrica en el Departamento de Estado, según se provee en la sec. 2012 de este título, y además en un Registro que con ese objeto se llevará en la oficina del Secretario del Tribunal Supremo de Puerto Rico, en el cual Registro se hará constar también su residencia y la localización de su oficina notarial, *debiendo notificar cualquier cambio de residencia o de oficina notarial al mismo funcionario, dentro de los cinco (5) días siguientes de ocurrido.* (Énfasis suplido.) 4 L.P.R.A. sec. 2011.

Anteriormente hemos expresado que tal incumplimiento menoscaba la facultad de este Tribunal para velar porque los abogados cumplan fielmente los compromisos asumidos con la sociedad y es causa suficiente para decretar su separación indefinida del ejercicio de la abogacía. *In re Figueroa Abreu*, 130 D.P.R. 504 (1992); *In re Díaz Ayala*, 130 D.P.R. 161 (1992); *In re Aponte Sierra*, 128 D.P.R. 177 (1991); *In re Berríos Pagán*, 126 D.P.R. 458 (1990); *In re Kiefer*, 117 D.P.R. 767 (1986).

Además, surge del expediente personal del querellado que en múltiples ocasiones se retrasó en el pago de la prima de su fianza notarial, obligando con ello al Colegio

de Abogados a recurrir ante nos.([1]) El 2 de abril de 1980 emitimos la siguiente resolución que dejó sin efecto una suspensión:

> Vista la certificación presentada por la Directora Ejecutiva del Colegio de Abogados de Puerto Rico el 31 de marzo de 1980, se deja sin efecto nuestra resolución de 17 de marzo de 1980.
>
> Se apercibe al notario de que en lo sucesivo, el no satisfacer a tiempo el importe de su fianza notarial podría implicar la suspensión del ejercicio de la notaría como una medida disciplinaria, independientemente de que el pago se efectúe posteriormente.

■ A pesar de lo anterior, nuevamente el querellado incumplió su obligación respecto a las primas de 1992 y 1993. Este historial de incumplimiento acusa una indiferencia del notario Bello respecto a sus obligaciones como notario y le colocan en el umbral de la incapacidad para actuar en tan delicado y puntilloso ministerio. Su proceder nos obliga a tomar medidas disciplinarias. *In re Pagani Rodríguez*, 109 D.P.R. 831 (1980).

Por todo lo anterior, *se suspende indefinidamente del ejercicio de la abogacía al licenciado Bello Hernández hasta tanto acredite su disposición de cumplir rigurosamente con las disposiciones aquí citadas y el Tribunal disponga lo que proceda en Derecho.*

---

([1]) Ocurrió respecto a las primas de 1976, 1977, 1978, 1979, 1992 y 1993.