*In re* RAFAEL RIVERA FUSTER.

*Número:* AB-98-151          *Resuelto:* 14 de junio de 1999

*Edda Serrano Blasini, Subprocuradora General,* e *Iris M. Barreto Saavedra, Procuradora General Auxiliar,* abogadas de El Pueblo; *Rafael Rivera Fuster, pro se.*

PER CURIAM:

## I

El 21 de agosto de 1998, el Juez Hon. Rafael Vissepó Vázquez, del Tribunal de Primera Instancia, Sala de Carolina, nos remitió copia de una minuta fechada el 10 de agosto del caso *Srio. del Trabajo v. Cabret,* Núm. FPE97-0504 (402). Ésta describe varios incumplimientos por parte del Lcdo. Rafael Rivera Fuster de las órdenes emitidas en

ese caso, así como una representación y tramitación negligente del pleito.

Referimos el asunto a la Oficina del Procurador General para que realizara la investigación y el correspondiente informe. Oportunamente, en su Informe el Procurador General explica que éste tuvo que ser preparado solamente con la información que surgía del expediente judicial y sin el beneficio de la comparecencia del licenciado Rivera Fuster; las cartas enviadas al licenciado Rivera Fuster fueron todas devueltas.

En síntesis, expone que el licenciado Rivera Fuster desde el 17 de junio de 1996 ostenta la representación legal del Sr. Israel Cabret en una reclamación de salarios. Del expediente judicial surge que dicho abogado no compareció a la conferencia con antelación al juicio, como tampoco a otra vista fechada para el 5 de diciembre de 1996. En relación con esta última, sólo envió por correo una *Moción Informativa*, fechada el día 2 —depositada el 11 de diciembre— en la que explicaba que no podía asistir por tener un señalamiento previo, además de no haber podido comunicarse con su cliente.

Trasladado el caso de Fajardo a la Sala de Carolina, se señaló una nueva conferencia con antelación a juicio. Tampoco el licenciado Rivera Fuster compareció ni presentó excusa por ello. El tribunal le impuso ciento cincuenta dólares ($150) de sanciones y señaló nueva conferencia para el 5 de noviembre de 1997. El licenciado Rivera Fuster otra vez dejó de comparecer, y el tribunal le impuso quinientos dólares ($500), de sanciones y le advirtió que, de no pagarlos y no contestar un interrogatorio notificado ya hacía un (1) año, dictaría sentencia contra su cliente.

Así las cosas, el 21 de noviembre, mediante moción, el licenciado Rivera Fuster solicitó el relevo de las sanciones y el archivo del caso. Informó, en lo pertinente, que sus incomparecencias se debían a problemas personales de índole marital. Explicó que compartía oficina con su esposa y

que con motivo de su separación, se le habían extraviado varios expedientes.

El 17 de diciembre, el tribunal dictó sentencia que declaraba con lugar la querella sobre salarios y redujo las sanciones al licenciado Rivera Fuster a ciento cincuenta dólares ($150). Posteriormente otros abogados, en representación de Israel Cabret, presentaron una solicitud de relevo de sentencia aduciendo que éste había estado hospitalizado y encarcelado desde antes de que ésta fuera dictada.([1])

Basado en los argumentos presentados en la moción de relevo, y en los documentos anejos, el tribunal dejó sin efecto la sentencia y descalificó al licenciado Rivera Fuster como abogado del señor Cabret.

Visto el Informe del Procurador, solicitamos contestación del licenciado Rivera Fuster. Referente a las incomparecencias, nos explica que debido a que su cliente, el señor Cabret, estaba en estado comatoso "no pudo verle más, pues no sabía donde se encontraba". Así, se vio en la obligación de entregar los expedientes de sus casos *a empleados de Cabret*, con las mociones de renuncia. Sobre este particular expresa desconocer si fueron o no presentadas y aceptadas. También señala que no pudo comparecer a los señalamientos dado que nunca "recibí nada, si no fui a ninguna vista, si no había comunicación con el cliente, y renuncie a sus casos". Por otro lado, nos explica el licenciado Rivera Fuster que ha tenido problemas con su correspondencia, a pesar de haber verificado su cambio de dirección en el sistema postal, oficina regional de Trujillo Alto.

Vistas las recomendaciones provistas en el Informe del Procurador General y examinadas las contestaciones, estamos en posición de resolver.

---

([1]) El señor Cabret, según alegaron sus nuevos representantes, estuvo física y mentalmente incapacitado desde octubre de 1996, hospitalizado en una unidad de cuidado intensivo en el Centro Médico, inconsciente y paralizado en sus funciones motoras debido a un balazo en la cabeza.

## II

La Regla 9(j) del Reglamento del Tribunal Supremo, 4 L.P.R.A. Ap. XXI-A, impone a todo abogado el deber de notificar al Secretario del Tribunal cualquier cambio de dirección postal o física.

En el presente caso, las gestiones realizadas por la Oficina del Procurador General para notificar mediante correo y personalmente, de la investigación que realizaba al licenciado Rivera Fuster, fueron infructuosas. Nunca notificó al Tribunal de su cambio de dirección. El propio licenciado Rivera Fuster, en su contestación al Informe, nos expresa que una de las razones por la que no compareció a los señalamientos, fue que no recibió la notificación de éstos. Nos incluye copia de los sobres en que fueron enviadas las notificaciones, indicándonos que la dirección a la que fueron enviadas no es la correcta. Intenta persuadirnos de que cumplió con la obligación que le impone la Regla 9(j) del Tribunal Supremo, *supra,* al notificar en el sistema postal de su nueva dirección. No nos convence.

El incumplir con el deber de notificar cualquier cambio en la dirección postal o física menoscaba la facultad de este Tribunal para velar por que los abogados cumplan fielmente los compromisos asumidos con la sociedad. También obstaculiza irrazonablemente las gestiones investigativas de la Oficina del Procurador General en las quejas presentadas en su contra. En *In re Serrallés III*, 119 D.P.R. 494, 495 (1987), advertimos que tal omisión, de por sí, podría justificar, como medida disciplinaria, una suspensión temporal. Véanse: *In re Berríos Pagán*, 126 D.P.R. 458 (1990); *In re Aponte Sierra*, 128 D.P.R. 177 (1991); *In re Menéndez Fernández*, 143 D.P.R. Ap. (1997).

## III

La conducta desplegada por el licenciado Rivera Fuster en el trámite del caso *Srio. del Trabajo v. Cabret,* Núm. FPE97-0504 (402), infringe las disposiciones de los Cánones 12 y 18 del Código de Ética Profesional, *supra.*

En el caso de autos, el licenciado Rivera Fuster faltó a las vistas de 3 de octubre de 1996, de 5 de diciembre de 1996, de 4 de septiembre de 1997 y de 5 de noviembre de 1997. En ninguna de estas ocasiones presentó razones justificadas para su incomparecencia. Su actitud demuestra menosprecio hacia los procedimientos judiciales y falta de respeto y consideración al tribunal, a su cliente y a las demás partes. Es deber del abogado ser puntal en su asistencia al tramitar una causa. Debe evitar dilaciones innecesarias y sólo debe pedir la suspensión de un señalamiento cuando existan razones poderosas para ello. Canon 12 del Código de Ética Profesional, *supra.*

Por otro lado, el licenciado Rivera Fuster no informó al tribunal sobre el estado de incapacidad mental a que advino su cliente luego del comienzo del pleito, esta actuación perjudicó a su cliente. El abogado tenía la obligación de informarlo al tribunal. Por no hacerlo éste emitió una sentencia que advino final y firme, conllevando que el señor Cabret tuviera que contratar una nueva representación legal para que tramitara el relevo de dicha sentencia. El no defender los intereses de su cliente de forma responsable y diligente infringe las disposiciones del Canon 18 del Código de Ética Profesional, *supra. In re Díaz Alonso, Jr.,* 115 D.P.R. 755 (1984); *In re Marrero Figarella,* 146 D.P.R. 541 (1998).

Por todo lo antes expuesto, *se dictará sentencia mediante la cual se suspende al Lcdo. Rafael Rivera Fuster*

*por un (1) mes de la práctica de la profesión de abogado, hasta que otra cosa disponga este Tribunal.*

*Se dictará la correspondiente sentencia.*

El Juez Asociado Señor Fuster Berlingeri no interviene.