En el Tribunal Supremo de Puerto Rico

| | |
|---|---|
| In re: | Queja |
| Lcdo. Rafael Rivera Fuster | 99 TSPR 92 |

Número del Caso: AB-98-151

Oficina del Procurador General:    Hon. Carlos Lugo Fiol,
                                   Procurador General
                                   Lcda. Iris M. Barreto Saavedra
                                   Procuradora General Auxiliar

Abogado de la Parte Querellada: Por Derecho Propio

Fecha: 6/14/1999

Materia: Conducta Profesional

Este documento constituye un documento oficial del Tribunal
Supremo que está sujeto a los cambios y correciones del
proceso de compilación y publicación oficial de las
decisiones del Tribunal. Su distribución electrónica se hace
como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

   Lcdo. Rafael Rivera Fuster          AB-98-151

PER CURIAM

San Juan, Puerto Rico, a 14 de junio de 1999

I

El 21 de agosto de 1998, el Juez Hon. Rafael Vissepó Vázquez del Tribunal de Primera Instancia, Sala de Carolina, nos remitió copia de una minuta fechada 10 de agosto del caso Srio. del Trabajo v. Cabret, Núm. FPE97-0504 (402). La misma describe varios incumplimientos por parte del Lcdo. Rafael Rivera Fuster de las órdenes emitidas en ese caso, así como una representación y tramitación negligente del pleito.

Referimos el asunto a la Oficina del Procurador General para que realizara la investigación y el correspondiente informe.

Oportunamente, en su Informe el Procurador General explica que el mismo tuvo que ser preparado solamente con la información que surgía del expediente judicial y sin el beneficio de la comparecencia del Lcdo. Rivera Fuster; las cartas enviádales al Lcdo. Rivera Fuster fueron todas devueltas.

En síntesis, expone que el Lcdo. Rivera Fuster desde el 17 de junio de 1996 ostenta la representación legal del Sr. Israel Cabret en una reclamación de salarios. Del expediente judicial surge que dicho abogado no compareció a la conferencia con antelación al juicio, como tampoco a otra vista fechada para el 5 de diciembre de 1996. En relación a esta última, sólo envió por correo una Moción Informativa, fechada el día 2 -depositada el 11 de diciembre-, en la que explicaba que no podía asistir por tener un señalamiento previo, además de no haberse podido comunicarse con su cliente.

Trasladado el caso de Fajardo a la Sala de Carolina, se señaló una nueva conferencia con antelación a juicio. Tampoco el Lcdo. Rivera Fuster compareció ni presentó excusa por ello. El tribunal le impuso ciento cincuenta dólares ($150.00) de sanciones y señaló nueva conferencia para el 5 de noviembre de 1997. El Lcdo. Rivera Fuster, otra vez dejó de comparecer, y el tribunal le impuso quinientos dólares ($500.00) de sanciones y le advirtió que de no pagarlos y no contestar un interrogatorio notificado ya hacía un año, dictaría sentencia contra su cliente.

Así las cosas, el 21 de noviembre, mediante moción, el Lcdo. Rivera Fuster solicitó el relevo de las sanciones y el archivo del caso. Informó, en lo pertinente, que sus incomparecencias se debían a problemas personales de índole marital. Explicó que compartía oficina con su esposa y que con motivo a su separación, se le habían extraviado varios expedientes.

El 17 de diciembre, el tribunal dictó Sentencia declarando con lugar la querella sobre salarios y redujo las sanciones al Lcdo. Rivera Fuster a ciento cincuenta dólares ($150.00). Posteriormente otros abogados, en representación de Israel Cabret, presentaron una solicitud de relevo de sentencia aduciendo que éste había estado hospitalizado y encarcelado desde antes de que se dictara la misma[1].

Basado en los argumentos presentados en la moción de relevo, y en los documentos anejos, el tribunal dejó sin efecto la sentencia, y descalificó al Lcdo. Rivera Fuster como abogado del Sr. Cabret.

Visto el Informe del Procurador, solicitamos contestación del Lcdo. Rivera Fuster. Referente a las incomparecencias, nos explica que debido a que su cliente, el Sr. Cabret, estaba en estado comatoso "no pudo verle más, pues no sabía donde se encontraba". Así, se vio en la

---

[1] El Sr. Cabret, según lo alegaron sus nuevos representantes, estuvo física y mentalmente incapacitado desde octubre de 1996, hospitalizado en una unidad de cuidado intensivo en el Centro Médico, inconsciente y paralizado en sus funciones motoras debido a un balazo en la cabeza.

obligación de entregarle los expedientes de sus casos **a
empleados de Cabret**, con las mociones de renuncia. Sobre
este particular expresa desconocer si fueron o no radicadas
y aceptadas. También señala que no pudo comparecer a los
señalamientos dado que nunca "recibí nada, si no fui a
ninguna vista, si no había comunicación con el cliente, y
renuncie a sus casos". Por otro lado, nos explica el
Lcdo. Rivera Fuster que ha tenido problemas con su
correspondencia, a pesar de haber verificado su cambio de
dirección en el sistema postal, oficina regional de
Trujillo Alto.

Vistas las recomendaciones provistas en el Informe del
Procurador General y examinadas las contestaciones, estamos
en posición de resolver.

II

La Regla 9(j) del Reglamento del Tribunal Supremo,
impone a todo abogado el deber de notificar al Secretario
del Tribunal cualquier cambio de dirección postal o física.

En el presente caso, las gestiones realizadas por la
Oficina del Procurador General para notificar mediante
correo y personalmente de la investigación que realizaba al
Lcdo. Rivera Fuster fueron infructuosas. Nunca notificó al
Tribunal de su cambio de dirección. El propio Lcdo. Rivera
Fuster en su contestación al Informe, nos expresa que una
de las razones por la que no compareció a los
señalamientos, fue que no recibió la notificación de los
mismos. Nos incluye copia de los sobres en que fueron
enviadas las notificaciones, indicándonos que la dirección

a la que fueron enviadas no es la correcta. Intenta persuadirnos de que cumplió con la obligación que le impone la Regla 9(j) al notificar en el sistema postal de su nueva dirección. No nos convence.

El incumplir con el deber de notificar cualquier cambio en la dirección postal o física menoscaba la facultad de este Tribunal para velar por que los abogados cumplan fielmente los compromisos asumidos con la sociedad. También obstaculiza irrazonablemente las gestiones investigativas de la Oficina del Procurador General en las quejas presentadas en su contra. En In re: Serrallés III, 119 D.P.R. 494, 495 (1987) advertimos que tal omisión de por sí, podría justificar, como medida disciplinaria, una suspensión temporal. Véase: In re: Ángel T. Berríos Pagán, 126 D.P.R. 458 (1990); In re: Aponte Sierra, 128 D.P.R. 177 (1991); In re: Menéndez Fernández, res. el 23 de julio de 1997.

III

La conducta desplegada por el Lcdo. Rivera Fuster en el trámite del caso Srio. del Trabajo v. Cabret, Núm. FPE97-0504 (402), infringe las disposiciones de los Cánones 12 y 18 de Ética Profesional.

En el caso de autos, el Lcdo. Rivera Fuster faltó a las vistas del 3 de octubre de 1996, del 5 de diciembre de 1996, del 4 de septiembre de 1997 y del 5 de noviembre de 1997. En ninguna de estas ocasiones presentó razones justificadas para su incomparecencia. Su actitud demuestra menosprecio hacia los procedimientos judiciales y falta de

> **Comment [ADT1]:** Ck notificaciones devueltas de instancia.

respeto y consideración al tribunal, a su cliente y a las demás partes. Es deber del abogado ser puntal en su asistencia al tramitar una causa. Debe evitar dilaciones innecesarias y sólo debe pedir la suspención de un señalamiento cuando existan razones poderosas para ello. Canon 12.

Por otro lado, el Lcdo. Rivera Fuster no informó al tribunal sobre el estado de incapacidad mental a que advino su cliente luego del comienzo del pleito, esta actuación perjudicó a su cliente. El abogado tenía la obligación de informarlo al tribunal. Por no hacerlo éste emitió una sentencia que advino final y firme, conllevando que el Sr. Cabret tuviera que contratar una nueva representación legal para que tramitara el relevo de dicha sentencia. El no defender los intereses de su cliente de forma responsable y diligente infringe las disposiciones del Canon 18. In re: Díaz Alonso, 115 D.P.R. 755 (1984); In re: Marrero Figarella, res. en 13 de julio de 1998.

Por todo lo antes expuesto, se dictará sentencia mediante la cual se suspende al Lcdo. Rafael Rivera Fuster por un (1) mes de la práctica de la profesión de abogado, hasta que otra cosa disponga este Tribunal.

Se dictará la correspondiente Sentencia.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

   Lcdo. Rafael Rivera Fuster          AB-98-151

SENTENCIA

San Juan, Puerto Rico, a 14 de junio de 1999

    Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte integrante de la presente, se dicta sentencia suspendiendo al Lcdo. Rafael Rivera Fuster por el término de un (1) mes de la práctica de la profesión de abogado, a partir de que la sentencia advenga final y firme, hasta que otra cosa disponga este Tribunal.

    Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no interviene.

                         Isabel Llompart Zeno
                         Secretaria del Tribunal Supremo