COLEGIO DE ABOGADOS DE PUERTO RICO, querellante, *v.* MARGARITA DÁVILA TELLADO, querellada.

*Número:* TS-3835          *Resuelto:* 4 de octubre de 2000

*Israel Pacheco Acevedo*, Secretario Ejecutivo del Fondo de Fianza Notarial del Colegio de Abogados de Puerto Rico.

PER CURIAM: El Colegio de Abogados de Puerto Rico presentó una Moción Informativa el 24 de noviembre de 1999 en la cual indicó que la abogada Margarita Dávila Tellado tiene al descubierto el pago de la prima concerniente a la fianza notarial,(1) la cual venció en mayo de 1999. Solicitó la cancelación de la referida fianza notarial.

En vista de lo anterior, emitimos dos (2) resoluciones: la primera de 28 de diciembre de 1999 y la segunda de 2 de

---

(1) Según nuestro expediente, la fianza notarial se otorgó el 2 de julio de 1993, y es renovable el 8 de abril de cada año.

febrero de 2000.(²) En la primera se le requirió a la Lcda. Margarita Dávila Tellado que mostrara causa con relación a la Moción Informativa presentada por el Colegio de Abogados de Puerto Rico. La Resolución de 2 de febrero de 2000 hizo referencia a la Resolución de 28 de diciembre de 1999, y a la inobservancia de ésta, y le concedió un término de diez (10) días a la aquí querellada para cumplir con la orden contenida en esta última. Se ordenó que ambas resoluciones se notificaran personalmente a través de la Oficina del Alguacil de este Tribunal.

Surge de nuestro expediente que el alguacil no ha podido diligenciar las referidas resoluciones por varias razones, entre ellas, las siguientes: (1) que la dirección que figura en el expediente es un apartado postal; (2) que el número telefónico que consta en el Directorio del Colegio de Abogados de 1996 es el número de telefax; (3) que en el nuevo Directorio del Colegio de Abogados surge del apartado asignado para consignar el número telefónico de la licenciada Dávila Tellado la palabra "moved", y (4) que no aparece número telefónico alguno registrado a nombre de la licenciada Dávila Tellado en la guía telefónica residencial, ni en la comercial.

Si la licenciada Dávila Tellado hubiese cumplido con su deber de notificar los cambios de su dirección residencial y de su oficina notarial a la Secretaria del Tribunal Supremo, conforme a la Regla 9(j) del Reglamento de este Tribunal, 4 L.P.R.A. Ap. XXI-A, hubiese sido posible la notificación de las referidas resoluciones.

---

(²) La Resolución de 28 de diciembre de 1999 le concedió un término de veinte (20) días, contados a partir de su notificación, para mostrar causa por la cual no debía ser suspendida del ejercicio de la notaría. Se apercibió a la licenciada Dávila Tellado que el incumplimiento con los términos dispuestos en la resolución conllevaría la suspensión automática del ejercicio de la notaría y podría dar lugar a otras sanciones disciplinarias, conforme a lo dispuesto en *In re Pagán Ayala*, 115 D.P.R. 814 (1984).

En la Resolución de 2 de febrero de 2000 se apercibió a la licenciada Dávila Tellado que de incumplir con los términos de la Resolución de 28 de diciembre de 1999 esto conllevaría la suspensión automática del ejercicio de la abogacía.

# I

■ La Regla 9(j) del Reglamento del Tribunal Supremo de Puerto Rico, *supra*,[3] exige a todo abogado el deber de notificar al Secretario de este Tribunal cualquier cambio de dirección postal o física. De igual forma, dispone el Art. 7 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2011,[4] y la Regla 11 del Reglamento Notarial de Puerto Rico, 4 L.P.R.A. Ap. XXIV,[5] respecto a los notarios públicos.

■ Incumplir con el deber de notificar cualquier cambio en la dirección postal o física menoscaba la facultad disciplinaria de este Foro para velar por que los abogados cumplan fielmente con los compromisos asumidos con la sociedad.[6] Tal desidia justifica como medida disciplinaria —conforme al poder inherente que tiene este Tribunal

---

[3] Dicha regla dispone, en lo pertinente, de la siguiente forma:

"(j) El(la) Secretario(a) ... [l]levará, además, un registro de notarios(as) en el que inscribirá el nombre de los(as) abogados(as) autorizados(as) a ejercer el notariado, su residencia y la localización de la oficina notarial. Los(as) notarios(as) deberán registrar en dicho registro su firma, signo, sello y rúbrica. Todo(a) abogado(a) tendrá la obligación de notificar al(a la) Secretario(a) cualquier cambio de dirección postal o física. Todo(a) notario(a) deberá notificar cualquier cambio en la localización de su oficina notarial."

[4] Dicho artículo dispone, en lo pertinente, como sigue:

"... [E]n un Registro que con ese objeto se llevará en la oficina del Secretario del Tribunal Supremo de Puerto Rico, en el cual ... se hará constar también su residencia y la localización de su oficina notarial, *debiendo notificar cualquier cambio de residencia o de oficina notarial al mismo funcionario, dentro de los cinco (5) días siguientes de ocurrido.*" (Énfasis suplido.)

[5] Dicha regla dispone como sigue:

"Todo notario, una vez admitido, notificará inmediatamente al secretario del Tribunal Supremo de Puerto Rico y al Director de la Oficina de Inspección de Notarías el lugar de su residencia, su dirección postal profesional y la localización de la oficina donde conservará el Protocolo de instrumentos públicos y el Registro de Testimonios. Asimismo, notificará cualquier cambio de residencia, de dirección postal o de localización de su oficina dentro de los cinco (5) días siguientes a la fecha del cambio."

"Si tuviere Protocolo cumplirá, además, con lo dispuesto en la sec. 2077 de este título y la Regla 58 de este Apéndice."

[6] *In re Rivera Fuster*, 148 D.P.R. 517 (1999).

para reglamentar la profesión legal— una suspensión indefinida de la abogacía.([7])

■ El deber de notificar cualquier cambio en la dirección residencial y de la oficina notarial es uno de los deberes que deben observarse rigurosamente, y su incumplimiento también acarrea sanciones disciplinarias.([8])

En *In re Berríos Pagán*, 126 D.P.R. 458 (1990), el querellado no pudo ser localizado por la Oficina del Alguacil de este Tribunal para ser notificado de las resoluciones que se habían emitido en relación con una queja presentada.([9]) Este Tribunal decretó la suspensión indefinida de dicho abogado por incumplir con su obligación de notificar al Secretario del Tribunal Supremo de Puerto Rico cualquier cambio en su dirección postal.([10])

En el presente caso, las resoluciones anteriormente mencionadas no pudieron ser notificadas a la querellada, no obstante las múltiples gestiones realizadas a esos efectos, por desconocerse absolutamente su paradero actual.

■ Reiteramos, una vez más, que "la 'naturaleza pública de que está revestida la profesión de abogado reclama de éste estricta observancia de los requerimientos de los tribunales' ".([11]) Procede la suspensión provisional del ejercicio de la abogacía de un abogado que incurre en una "indebida, irrazonable e inexcusable tardanza" al contestar una querella, por cuanto la misma es "indicativa de una

---

([7]) *In re Rivera Fuster*, supra; *In re Aponte Sierra*, 128 D.P.R. 177, 179 (1991); *In re Berríos Pagán*, 126 D.P.R. 458, 459 (1990); *In re Serrallés III*, 119 D.P.R. 494, 495 (1987).

([8]) *In re Vargas Pérez*, 145 D.P.R. 160 (1998); *In re Bringas Rechani*, 128 D.P.R. 132 (1991); *In re Rigau, Jr.*, 118 D.P.R. 89 (1986); *In re Pagani Rodríguez*, 109 D.P.R. 831 (1980).

([9]) *In re Berríos Pagán*, supra, págs. 458–459.

([10]) *In re Berríos Pagán*, supra, pág. 459.

([11]) *In re Pagán Ayala*, 115 D.P.R. 814, 815 (1984).

falta de respeto hacia los procedimientos" de este Tribunal.([12])

En el presente caso, la licenciada Dávila Tellado no ha presentado escrito para mostrar causa por la cual no debamos ejercer nuestra facultad disciplinaria, precisamente porque no se le ha podido notificar por haber incumplido con su deber de informar cualquier cambio de dirección residencial, postal y de su oficina profesional. La conducta de la Lcda. Margarita Dávila Tellado está reñida con su deber y obligación profesional para con este Tribunal. Tal conducta ha tenido el efecto de menoscabar nuestra facultad disciplinaria.

Por los fundamentos antes expuestos, *se separa a la Lcda. Margarita Dávila Tellado inmediata e indefinidamente del ejercicio de la abogacía y de la notaría.*

*Se dictará sentencia de conformidad.*

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

(*Fdo.*) Isabel Llompart Zeno
*Secretaria del Tribunal Supremo*

---

([12]) *In re Díaz García,* 104 D.P.R. 171, 174 (1975).