EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>Wanda I. Arroyo Rodríguez | 2006 TSPR 124<br><br>168 DPR \_\_\_\_ |

Número del Caso: TS-9219

Fecha: 10 de febrero de 2006

Colegio de Abogados de Puerto Rico:

Lcdo. Israel Pacheco Acevedo
Secretario Ejecutivo

Materia: Suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

TS-9219

Wanda I. Arroyo Rodríguez

PER CURIAM

San Juan, Puerto Rico, a 10 de febrero de 2006.

La licenciada Wanda I. Arroyo Rodríguez, fue admitida al ejercicio de la abogacía el 28 de junio de 1989 y al ejercicio del notariado el 25 de agosto del mismo año.

El 13 de junio de 2005, el Colegio de Abogados de Puerto Rico compareció ante este Tribunal solicitando la cancelación de la fianza notarial de la licenciada Arroyo Rodríguez, por estar al descubierto el pago de la prima de la misma desde agosto de 2001.[1]   Ante ello, el 21 de junio de 2005 emitimos una Resolución

_____

[1] La referida moción informativa fue notificada por el Colegio de Abogados a la licenciada Arroyo Rodríguez.

concediéndole a la licenciada Arroyo Rodríguez un término para que mostrara causa por la cual no debía ser suspendida del ejercicio de la notaría. Le apercibimos, además, que el incumplimiento con los términos de dicha Resolución podría dar lugar a la imposición de sanciones disciplinarias adicionales.

La notificación de la referida Resolución, fue enviada por correo certificado el 23 de junio de 2005 y devuelta por el servicio postal el 14 de julio de 2005. Dicha Resolución fue enviada a la dirección postal que surgía de la Moción Informativa presentada por el Colegio de Abogados. Una segunda notificación de la referida Resolución fue enviada a por correo certificado 28 de julio de 2005 y devuelta por el servicio postal el 15 de agosto de 2005. La referida Resolución fue enviada a la dirección postal que surge el expediente de la licenciada Arroyo Rodríguez ante este Tribunal. El 10 de noviembre de 2005, la Oficina del Alguacil de este Tribunal diligenció la Resolución en cuestión. Surge del expediente ante nos, que el alguacil no ha podido diligenciar la resolución porque, según lo informado, la licenciada Arroyo Rodríguez no reside en la dirección de la querellada que surge de su expediente ante este Tribunal.

II

La regla 9 (j) del Reglamento del Tribunal Supremo[2], exige a todo abogado el deber de notificar al Secretario de

---

[2] 4 L.P.R.A. Ap. XXI-A, R.9(j).

este Tribunal cualquier cambio de dirección postal o física. Así también lo exigen el artículo 7 de la Ley Notarial de 1987[3] y la Regla 11 del Reglamento Notarial[4], respecto a los notarios públicos. El referido deber de notificar cualquier cambio en la dirección residencial y de la oficina notarial, es uno de los deberes que debe observarse rigurosamente por todo miembro de la profesión. Su incumplimiento también acarrea sanciones disciplinarias, toda vez que cuando un abogado incumple con su deber de mantener al día su dirección, obstaculiza el ejercicio de nuestra jurisdicción disciplinaria.[5] También impide que velemos porque los abogados cumplan fielmente los compromisos asumidos con la sociedad. Hemos sido enfáticos al advertir que el incumplimiento con dicho deber justifica una suspensión indefinida de la profesión legal.[6]

Del mismo modo, todo abogado tiene el deber y la obligación de responder con diligencia a los requerimientos y órdenes de este Tribunal, particularmente cuando se trata

---

[3] 4 L.P.R.A. sec. 2011.

[4] 4 L.P.R.A. Ap. XXIV, R. 11.

[5] In re Colón Ramírez, 2005 T.S.P.R. 74; In re Santiago Rodríguez, 2003 T.S.P.R. 137; In re Sanabria Ortiz, 2002 T.S.P.R. 35, 2002 J.T.S. 39; Colegio de Abogados v. Dávila Tellado, 152 D.P.R. 221 (2000), In re Rivera Fuster, 148 D.P.R. 517 (1999); In re Santiago Méndez, 141 D.P.R. 75 (1996).

[6] Colegio de Abogados v. Dávila Tellado, supra; In re Thomas Garity, 2004 T.S.P.R. 148, 162 D.P.R. ___ (2004); In re Berríos Pagán, 126 D.P.R. 458 (1990).

de procedimientos sobre su conducta profesional.[7] Hemos expresado que procede la suspensión del ejercicio de la abogacía cuando un abogado no atiende con diligencia nuestros requerimientos y se muestra indiferente ante nuestros apercibimientos de imponerle sanciones disciplinarias.[8]

Esta obligación es independiente de los méritos de la queja presentada contra un abogado o de la conducta imputada contra éste, pues se trata de conducta que de por si contraviene las normas éticas que rigen el ejercicio de la abogacía.[9] Desatender las comunicaciones relacionadas a procedimientos disciplinarios tiene el mismo efecto disruptivo de nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal.[10]

III

---

[7] Además, todo abogado tiene una obligación ineludible de responder diligentemente a los requerimientos de la Oficina del Procurador General, de la Comisión de Ética del Colegio de Abogados y de la Oficina de Inspección de Notarias. Véase, In re Moreno Franco, 2006 T.S.P.R. 10; In re Rivera Irizarry, 2001 T.S.P.R. 159, 2001 J.T.S. 162, 155 D.P.R. ___ (2001).

[8] In re Moreno Franco, supra, In re Colón Ramírez, supra; In re Quintero Alfaro, 2004 T.S.P.R. 20; In re Osorio Díaz, 146 D.P.R. 39 (1998); In re González Albarrán, 139 D.P.R. 543 (1995).

[9] In re Moreno Franco, supra; In re Thomas Garity, supra; In re Melecio Morales, 144 D.P.R. 824 (1998).

[10] Véase, In re Moreno Franco, supra; In re Vargas Soto, 146 D.P.R. 55, (1998). En In re Vargas Soto, Íd. a la pág.62, expresamos que un patrón de dejadez y de incumplimiento irrazonable e inexplicable con nuestras órdenes es indicativo de una falta de respeto hacia los procedimientos del Tribunal.

En el presente caso, la licenciada Arroyo Rodríguez no ha presentado escrito alguno mostrando causa por la cual no debamos ejercer nuestra facultad disciplinaria, precisamente porque no se le ha podido notificar, por haber incumplido con su deber de informar cualquier cambio de dirección residencial, postal y de su oficina profesional. Su conducta está reñida con su deber y obligación profesional para con este Tribunal. Si la licenciada Arroyo Rodríguez hubiese cumplido con su deber de notificar los cambios de su dirección residencial y de su oficina notarial a la Secretaria del Tribunal Supremo, conforme la Regla 9 (j) del Reglamento de este Tribunal, hubiese sido posible la notificación de la resolución en cuestión.

En vista de lo anterior, procede que decretemos la separación de la licenciada Arroyo Rodríguez inmediata e indefinidamente del ejercicio de la abogacía y la notaría. Se le impone a la licenciada Arroyo Rodríguez el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta opinión Per Curiam y sentencia, del cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de Arroyo Rodríguez, debiendo

entregar la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

                                    TS-9219

Wanda I. Arroyo Rodríguez

                    SENTENCIA

San Juan, Puerto Rico, a 10 de febrero de 2006.

        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, suspendemos a la licenciada Wanda I. Arroyo Rodríguez inmediata e indefinidamente del ejercicio de la abogacía y la notaría.  Se le impone el deber de notificar a todos sus clientes de su inhabilidad de seguir representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos.  Deberá, además, certificarnos dentro del término de treinta (30) días a partir de la notificación de esta Opinión Per Curiam y Sentencia, del cumplimiento de estos deberes.

        Se ordena al Alguacil General de este Tribunal a incautarse de la obra y sello notarial de Arroyo Rodríguez, debiendo entregar la misma a la Oficina de la Directora de Inspección de Notaría.

Notifíquese personalmente a la querellada con copia de la Opinión Per Curiam que antecede y de esta Sentencia.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Fuster Berlingeri no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo