*In re* MARGARITA DÁVILA TELLADO.

*Número:* TS-3,835        *Resuelto:* 5 de mayo de 2016

472

*Manuel E. Ávila de Jesús*, director de la Oficina de Inspección de Notarías, en informe.

PER CURIAM:

I

La Lcda. Margarita Dávila Tellado fue admitida al ejercicio de la abogacía el 16 de diciembre de 1971 y al de la notaría el 10 de febrero de 1972.([1])

---

([1]) Es menester señalar que la licenciada Dávila Tellado fue suspendida del ejercicio de la abogacía y de la notaría anteriormente por no contestar los requerimientos de este Tribunal. Véase *Col. Abogados P.R. v. Dávila*, 152 DPR 221 (2000). Sin embargo, el 25 de octubre de 2002 fue reinstalada al ejercicio de ambas profesiones, mediante Resolución.

El 24 de septiembre de 2015, el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila de Jesús, compareció ante este Tribunal mediante el escrito intitulado *Informe especial sobre incumplimiento de la ley notarial [de] Puerto Rico y su reglamento y en solicitud de remedios*. En éste, alegó que la licenciada Dávila Tellado incumplió su deber de presentar ante ODIN diversos índices de actividad notarial mensual e índices estadísticos de actividad notarial anual. Además, adujo que, del expediente de la licenciada Dávila Tellado, no surge que ésta cuente con una fianza notarial vigente desde 2011. Por otro lado, señaló que ODIN, según lo anterior, le cursó a la letrada de epígrafe una serie de comunicaciones, con tal de que presentara los índices e informes adeudados y suministrara evidencia de que, en efecto, había pagado su fianza notarial. Éstas fueron devueltas por el sistema de correo federal (*RTS-Vacant-Unable to Forward*). Por lo tanto, el licenciado Ávila de Jesús solicitó que este Tribunal ordenara la suspensión inmediata de la licenciada Dávila Tellado del ejercicio de la notaría y la incautación inmediata de su obra y sello notarial. Asimismo, solicitó que le ordenáramos que presentara evidencia acreditativa del pago de su fianza notarial desde 2011 hasta el presente.

En consideración, este Tribunal, el 20 de octubre de 2015, emitió una resolución en la que le concedía a la licenciada Dávila Tellado un término de diez días para que mostrara causa por la cual no debía ser suspendida indefinidamente del ejercicio de la abogacía y la notaría. El alguacil de este Tribunal se personó a la residencia de la letrada, según ésta consta en el Registro Único de Abogadas y Abogados (RUA), para diligenciar la resolución personalmente. Sin embargo, ello no fue posible.(2) Al día de hoy, la licenciada Dávila Tellado no ha comparecido.

---

(2) De hecho, el alguacil de este Tribunal entrevistó a los vecinos del lugar. Uno de ellos le indicó que la licenciada Dávila Tellado posiblemente se encuentre viviendo en Estados Unidos. Valga destacar que también se hicieron gestiones en el Departamento de Justicia y en el Registro Demográfico, pero ambas fueron infructuosas.

## II

El Canon 9 del Código de Ética Profesional consagra, sin cualificación alguna, que "[e]l abogado debe observar para con los tribunales una conducta que se caracterice por el mayor respeto". 4 LPRA Ap. IX. Véase *In re Fontánez Fontánez*, 181 DPR 407, 416 (2011). Por lo tanto, corolario de lo anterior, todos los abogados admitidos al ejercicio de la profesión legal están indefectiblemente obligados a prestar atención y obedecer con diligencia cualquier orden o requerimiento emitido por algún tribunal. *In re Dávila Toro*, 179 DPR 833, 840 (2010). En consecuencia, incumplir con semejante deber bien puede acarrear la imposición de severas sanciones disciplinarias; entre éstas, la suspensión indefinida del ejercicio de la abogacía y la notaría. *In re Aponte Sánchez*, 178 DPR 647, 649 (2010); *In re Meléndez González*, 166 DPR 196, 198 (2005).

De otra parte, es imperativo destacar que el deber de respeto aludido aplicación plenamente a cualquier requerimiento hecho por ODIN. Ello, por el importante rol que desempeña esa oficina, al velar por el cabal cumplimiento de las disposiciones jurídicas que regulan el delicado oficio de la notaría en nuestra jurisdicción. Así, este Tribunal ha sido enfático al disponer que "[l]os abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, así como a los de O.D.I.N.". *In re Arroyo Rivera*, 182 DPR 732, 736 (2011). Véase, también, *In re Rivera Irizarry*, 155 DPR 687 (2001). Por lo tanto, procede la suspensión indefinida del ejercicio de la abogacía y la notaría cuando un abogado hace caso omiso a los requerimientos de ODIN. *In re Martínez Romero*, 188 DPR 511, 515 (2013).

## III

█ Por último, conviene recordar que, dado lo dispuesto en la Regla 9(j) de este Tribunal, las personas admitidas al ejercicio de la abogacía en nuestra jurisdicción están obligadas a informar cualquier cambio en su dirección postal o física, con tal que ello conste en el RUA. 4 LPRA Ap. XXI-B, R. 9(j); *In re Grau Collazo*, 185 DPR 938, 944 (2012). "Cabe mencionar que nuestro énfasis en la importancia de que todo abogado mantenga al Tribunal al tanto de sus direcciones y de su información personal no es novel [sic]. En reiteradas ocasiones hemos señalado la gravedad que conlleva no notificar de manera inmediata a la Secretaría de este Tribunal de cualquier cambio ocurrido". *In re Camacho Hernández*, 188 DPR 739, 743 (2013).

## IV

En el caso ante nuestra consideración, la licenciada Dávila Tellado ha hecho caso omiso reiteradamente tanto a los requerimientos de ODIN como a los de este Tribunal. Ello, al margen de cualquier incumplimiento con las disposiciones jurídicas que regulan el ejercicio de la notaría en nuestra jurisdicción. Por consiguiente, ante la indiferencia de la licenciada Dávila Tellado, no nos queda más remedio que ordenar su suspensión indefinida del ejercicio de la abogacía y la notaría.

En vista de lo anterior, *se suspende inmediata e indefinidamente a la licenciada Dávila Tellado del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquier honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cum-*

plimiento con lo anterior en el término de treinta días a partir de la notificación de esta opinión "per curiam" y sentencia.

Finalmente, el alguacil de este Tribunal deberá incautar la obra y el sello notarial de la abogada suspendida y entregarlos al Director de la Oficina de Inspección de Notaría para la investigación y el informe correspondientes.

Se dictará sentencia de conformidad.