EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | |
|---|---|
| Margarita Dávila Tellado | 2016 TSPR 138<br><br>195 DPR ____ |

Número del Caso: TS-3,835

Fecha: 5 de mayo de 2016

Oficina de Inspección de Notarías:

      Lcdo. Manuel E. Ávila de Jesús
      Director

Materia: La suspensión será efectiva el 27 de junio de 2016, fecha en que se le notificó por correo a la abogada de su suspensión inmediata.
.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| *In re* | **Núm.** TS-3,835 |
| Margarita Dávila Tellado | |

*PER CURIAM*

San Juan, Puerto Rico, a 5 de mayo de 2016

I

La Lcda. Margarita Dávila Tellado fue admitida al ejercicio de la abogacía el 16 de diciembre de 1971 y al de la notaría el 10 de febrero de 1972.[1]

El 24 de septiembre de 2015, el Director de la Oficina de Inspección de Notarías (ODIN), Lcdo. Manuel E. Ávila de Jesús, compareció ante este Tribunal, mediante escrito intitulado *Informe especial sobre incumplimiento de la ley notarial [de] Puerto Rico y su reglamento y en solicitud de remedios*. En éste, alegó que la licenciada Dávila Tellado incumplió su deber de presentar ante la ODIN diversos índices de actividad notarial mensual e índices estadísticos de actividad notarial anual. Además, adujo que, del expediente de la licenciada Dávila Tellado, no surge que ésta cuente con una fianza notarial vigente desde el 2011. De otro lado, señaló que la ODIN, en virtud de lo anterior, le cursó a la letrada de epígrafe una serie de

---

[1] Es menester señalar que la licenciada Dávila Tellado fue suspendida del ejercicio de la abogacía y la notaría anteriormente por no contestar los requerimientos de este Tribunal. Véase *Col. Abogados P.R. v. Dávila*, 152 D.P.R. 221 (2000). Sin embargo, el 25 de octubre de 2002, fue debidamente reinstalada al ejercicio de ambas profesiones, mediante resolución.

comunicaciones, con tal de que presentara los índices e informes adeudados y suministrara evidencia de que, en efecto, había pagado su fianza notarial. Éstas fueron devueltas por el sistema de correo federal (*RTS-Vacant-Unable to Forward*). Por tanto, el licenciado Ávila de Jesús solicitó que este Tribunal ordenara la suspensión inmediata de la licenciada Dávila Tellado del ejercicio de la notaría y la incautación inmediata de su obra y sello notarial. Asimismo, solicitó que le ordenáramos que presentara evidencia acreditativa del pago de su fianza notarial desde el 2011 hasta el presente.

En consideración de lo anterior, este Tribunal, el 20 de octubre de 2015, emitió una resolución concediéndole a la licenciada Dávila Tellado un término de diez días para que mostrara causa por la cual no debía ser suspendida indefinidamente del ejercicio de la abogacía y la notaría. Conforme a lo dispuesto en dicha resolución, el alguacil de este Tribunal se personó a la residencia de la letrada, según ésta consta en el Registro Único de Abogadas y Abogados (RÚA), con tal de diligenciar la misma personalmente. Sin embargo, ello no fue posible.[2] Al día de hoy, la licenciada Dávila Tellado no ha comparecido.

---

[2] De hecho, el alguacil de este Tribunal entrevistó a los vecinos del lugar. Uno de ellos le indicó que la licenciada Dávila Tellado posiblemente se encuentra viviendo en Estados Unidos. Valga destacar que también se hicieron gestiones en el Departamento de Justicia y en el Registro Demográfico, pero ambas fueron infructuosas.

II

El Canon 9 del Código de Ética Profesional consagra, sin cualificación alguna, que "[e]l abogado debe observar con los tribunales una conducta que se caracterice por el mayor respeto". Código de Ética Profesional, 4 L.P.R.A. Ap. IX, C. 9. Véase *In re Fontanez Fontanez*, 181 D.P.R. 407, 416 (2011). Por tanto, corolario de lo anterior, todos los abogados admitidos al ejercicio de la profesión legal están indefectiblemente obligados a prestar atención y obedecer diligentemente cualquier orden o requerimiento emitido por algún tribunal. *In re Dávila Toro*, 179 D.P.R. 833, 840 (2010). En consecuencia, incumplir con semejante deber bien puede acarrear la imposición de severas sanciones disciplinarias; entre éstas, la suspensión indefinida del ejercicio de la abogacía y la notaría. *In re Aponte Sánchez*, 178 D.P.R. 647, 649 (2010); *In re Meléndez González*, 166 D.P.R. 196, 198 (2005).

De otra parte, es imperativo destacar que el deber de respeto aludido es de plena aplicación a cualquier requerimiento hecho por la ODIN. Ello, en virtud del importante rol que desempeña dicha oficina, al velar por el cabal cumplimiento de las disposiciones jurídicas que regulan el delicado oficio de la notaría en nuestra jurisdicción. Así, este Tribunal ha sido enfático al disponer que "[l]os abogados tienen la obligación ineludible de responder diligentemente a los requerimientos de este Tribunal, así como a los de [la] O.D.I.N.". *In re*

*Arroyo Rivera*, 182 D.P.R. 732, 736 (2011). Véase, también, *In re Rivera Irizarry*, 155 D.P.R. 687 (2001). Por tanto, procede la suspensión indefinida del ejercicio de la abogacía y la notaría cuando un abogado hace caso omiso a los requerimientos de la ODIN. *In re Martínez Romero*, 188 D.P.R. 511, 515 (2013).

### III

Por último, conviene recordar que, dado lo dispuesto en la Regla 9(j) de este Tribunal, las personas admitidas al ejercicio de la abogacía en nuestra jurisdicción están obligadas a informar cualquier cambio en su dirección postal o física, con tal que ello conste en el RÚA. Reglamento del Tribunal Supremo de Puerto Rico (2011), 4 L.P.R.A. Ap. XXI-B, R. 9(j); *In re Grau Collazo*, 185 D.P.R. 938, 944 (2012). "Cabe mencionar que nuestro énfasis en la importancia de que todo abogado mantenga al Tribunal al tanto de sus direcciones y de su información personal no es novel [sic]. En reiteradas ocasiones hemos señalado la gravedad que conlleva no notificar de manera inmediata a la Secretaría de este Tribunal de cualquier cambio ocurrido". *In re Camacho Hernández*, 188 D.P.R. 739, 743 (2013).

### IV

En el caso ante nuestra consideración, la licenciada Dávila Tellado ha hecho caso omiso reiteradamente tanto a los requerimientos de la ODIN como a los de este Tribunal. Ello, al margen de cualquier incumplimiento con las

disposiciones jurídicas que regulan el ejercicio de la notaría en nuestra jurisdicción. Por consiguiente, ante la indiferencia de la licenciada Dávila Tellado, no nos queda más remedio que ordenar su suspensión indefinida del ejercicio de la abogacía y la notaría.

En vista de lo anterior, se suspende inmediata e indefinidamente a la licenciada Dávila Tellado del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquier honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Finalmente, el alguacil de este Tribunal deberá incautar la obra y el sello notarial de la abogada suspendida y entregarlos al Director de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re:*

Margarita Dávila Tellado

**Núm.** TS-3,835

SENTENCIA

San Juan, Puerto Rico 5 de mayo de 2016

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, se suspende inmediata e indefinidamente a la licenciada Dávila Tellado del ejercicio de la abogacía y la notaría. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para seguir representándolos, devolverles cualquier honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá acreditar a este Tribunal el cumplimiento con lo anterior dentro del término de treinta (30) días a partir de la notificación de esta Opinión.

Finalmente, el alguacil de este Tribunal deberá incautar la obra y el sello notarial de la abogada suspendida y entregarlos al Director de la Oficina de Inspección de Notaría para la correspondiente investigación e informe.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.

Juan Ernesto Dávila Rivera
Secretario del Tribunal Supremo