*In re* SAMUEL PAGÁN AYALA, querellado.

*Número:* MC-84-53      *Resuelto:* 26 de noviembre de 1984

---

*Roberto Schmidt Monge, Procurador General,* e *Iván F. Fuster, Procurador General Auxiliar,* abogados de El Pueblo; *Benjamín Ortiz Beleval,* abogado del querellado.

PER CURIAM: En *In re Pérez Rodríguez,* 115 D.P.R. 810, 811 (1984), expresamos que la "naturaleza pública de que está revestida la profesión de abogado reclama de éste estricta observancia de los requerimientos de los tribunales. El Canon 12 del Código de Ética Profesional les exige 'desplegar todas las diligencias necesarias para asegurar que no se causen indebidas dilaciones en [la] tramitación y solución [de las causas]'. El compromiso de mantener y contribuir a un orden jurídico íntegro y eficaz, para lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas sino a la jurisdicción disciplinaria de este foro. Hemos de desalentar actitudes dilatorias en asuntos como el que nos ocupa. *Independientemente de los méritos que puedan tener las quejas, todo abogado debe responder prontamente a los mandatos de este Tribunal. Su omisión puede conllevar que, en auxilio de nuestra jurisdicción disciplinaria, temporalmente tomemos las medidas necesarias y cautelares para vindicar la facultad constitucional de reglamentar el ejercicio de la profesión de abogado.* Además, '[l]a indebida, irrazonable e inexcusable

tardanza del querellado en formular su contestación a la querella es indicativa de una falta de respeto hacia los procedimientos del Tribunal'. *In re Díaz García,* 104 D.P.R. 171, 174 (1975)". (Énfasis suplido.)

En el descargo de nuestra facultad de reglamentar la profesión de abogado, la Oficina del Procurador General de Puerto Rico desempeña un importante papel. Una de las funciones principales que por mandato de ley lleva a cabo dicha oficina es la de investigar quejas referentes a posibles violaciones por parte de los abogados de los Cánones de Ética Profesional que regulan nuestra profesión, ya sean estas investigaciones originalmente ordenadas por este Tribunal, ya sean las mismas el producto de quejas de ciudadanos que directamente acuden ante dicho funcionario.

Como parte integrante de las referidas investigaciones, y antes de rendir el correspondiente informe sobre conducta profesional ante este Tribunal, usualmente el Procurador General se comunica con el abogado en controversia requiriendo de éste sus comentarios respecto a la queja presentada. En muchas de las ocasiones la explicación brindada por el abogado es suficiente para demostrar que la queja presentada es inmeritoria o que la situación existente entre el abogado y el quejoso fue el producto de un malentendido y es de fácil solución.

Es por ello que la pronta y responsable atención por parte de los abogados a esta clase de comunicaciones provenientes de la Oficina del Procurador General de Puerto Rico es de vital y necesaria importancia en relación con nuestra función de reglamentar la profesión. Siendo la Oficina del Procurador General, por decirlo así, el "brazo investigativo" de este Tribunal en casos de conducta profesional, la voluntaria y temeraria desatención de los abogados a esta clase de comunicación tiene el mismo efecto disruptivo en nuestra función reguladora de la profesión que cuando se desatiende una orden emitida directamente por este Tribunal.

■ En consecuencia, al igual que en *In re Pérez Rodríguez*, ante, resolvemos que procede la suspensión provisional del ejercicio de la abogacía de un abogado que sin excusa válida oportuna no haya cumplido en forma diligente con requerimientos hechos por la Oficina del Procurador General de Puerto Rico respecto a una queja contra él presentada en dicha oficina y que está siendo investigada por dicho funcionario con el propósito de rendir un informe sobre conducta profesional ante este Tribunal.

En el presente caso los ciudadanos Lorenzo Muñiz y Ramón Ortiz se querellaron al Procurador General de que el abogado Samuel Pagán Ayala —quien alegadamente les había "representado" en un caso de daños y perjuicios sufridos por ellos como consecuencia de la construcción de una carretera— a pesar de haber recibido la compensación destinada a ellos, no les había hecho entrega de la misma, entregándoles en su lugar unos pagarés.(1) El Procurador General de Puerto Rico, mediante carta de fecha 3 de junio de *1982*, le informó al mencionado abogado de dicha queja y requirió de éste "su versión en cuanto a lo expuesto . . .". Como no ha recibido contestación a dicha misiva, el Procurador General, mediante carta certificada con acuse de recibo de fecha 20 de septiembre de 1984, nuevamente solicitó de éste sus comentarios respecto a la queja presentada. Habiendo nuevamente desatendido dicha misiva el abogado Pagán Ayala, el Procurador General informó de ello a este Tribunal.

Acorde con lo arriba expresado, *procede decretar la suspensión provisional del ejercicio de la profesión de abogado del Lcdo. Samuel Pagán Ayala hasta que éste acredite que está presto "a cumplir y afrontar el trámite referente a las quejas sin ulteriores dilaciones innecesarias". In re Pérez Rodríguez, ante*, pág. 812. *Se dictará sentencia a esos efectos.*

---

(1) Consta en el expediente una declaración jurada del Sr. Lorenzo Muñiz a esos efectos.