*In re* HERIBERTO TORRES VILLANUEVA.

*Número:* MC-90-24        *Resuelto:* 22 de junio de 1990

*Norma Cotti Cruz, Subprocuradora General,* e *Iván F. Fuster, Procu-
rador General Auxiliar,* abogados de El Pueblo; *Heriberto Torres
Villanueva, pro se.*

PER CURIAM: La Sra. Pura Dávila Torres presentó una queja
contra el abogado Heriberto Torres Villanueva ante la Oficina del
Procurador General de Puerto Rico. En la misma, en síntesis y en
lo pertinente, la señora Dávila Torres alegó que el referido
abogado no le había dado la atención debida y requerida a dos
asuntos que ella le había encomendado, a saber: un caso de daños
y perjuicios y una petición sobre declaratoria de herederos.

En cumplimiento de su labor investigativa, la referida oficina
le envió una comunicación con fecha de 19 de abril de 1989 al

abogado Torres Villanueva en la cual requería sus comentarios respecto a la queja antes mencionada. Dicho abogado, a pesar de recibir dicha comunicación, no se dignó contestar la misma. Mediante comunicación de fecha 18 de diciembre de 1989, la Oficina del Procurador General de Puerto Rico nuevamente requirió del abogado Torres Villanueva sus comentarios respecto a la queja presentada. En dicha comunicación el Procurador General le apercibió del deber que tenía de contestar sus comunicaciones y de las consecuencias que su omisión podría tener conforme lo resuelto por este Tribunal en el caso *In re Pagán Ayala*, 115 D.P.R. 814 (1984). Esta carta le fue *entregada y notificada por mensajero* al licenciado Torres Villanueva; aun así, y a pesar del tiempo transcurrido, dicho abogado no ha comparecido ante la Oficina del Procurador General de Puerto Rico.

Lo anteriormente expuesto surge de un informe de fecha 25 de mayo de 1990 que nos sometiera la Oficina del Procurador General de Puerto Rico.

## I

En *In re Pérez Rodríguez*, 115 D.P.R. 810 (1984), expresamos que, independientemente de los méritos que puedan tener las quejas que presenten los ciudadanos contra los abogados, éstos tienen el deber de responder prontamente a los requerimientos de este Tribunal respecto a las mismas y que su falta de atención a estos requerimientos puede tener la consecuencia de una suspensión temporal o indefinida del ejercicio de la profesión de abogado.

En *In re Pagán Ayala*, ante, resolvimos que todo abogado tiene el deber de contestar, pronta y responsablemente, las comunicaciones recibidas de la Oficina del Procurador General con relación al trámite de quejas por conducta profesional, so pena de que se tomen medidas disciplinarias en su contra. Expresamos, en adición, en el citado caso *In re Pagán Ayala*, ante, que la voluntaria y temeraria desatención del abogado a los

540

requerimientos de la Oficina del Procurador General tiene el mismo efecto disruptivo y perjudicial a la buena imagen de la profesión que cuando se desatiende una orden directa de este Tribunal.

En atención a los hechos anteriormente señalados y a la jurisprudencia antes citada, se decreta la separación temporal del ejercicio de la abogacía en Puerto Rico del abogado Heriberto Torres Villanueva. La Oficina del Alguacil General de este Tribunal deberá proceder de inmediato a incautarse de la obra notarial del referido abogado y entregarla, para su correspondiente examen e informe a este Tribunal, a la Oficina del Director de Inspección de Notarías.

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton no intervino.