EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Colegio de Abogados de Puerto Rico Querellante v. Margarita Dávila Tellado Querellada | 2000 TSPR 152 |
| --- | --- |

Número del Caso: TS-3835

Fecha: 04/octubre/2000

Colegio de Abogados de Puerto Rico:

Lcdo. Israel Pacheco Acevedo

Materia: Falta de pago
en prima de fianza
notarial

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Colegio de Abogados de
Puerto Rico

    Querellante

        v.
Falta de pago

                              TS-3835

en prima de
Margarita Dávila Tellado
fianza notarial

    Querellada

PER CURIAM

San Juan, Puerto Rico, a 4 de octubre de 2000.

    El Colegio de Abogados de Puerto Rico presentó una Moción Informativa el 24 de noviembre de 1999, indicando que la abogada Margarita Dávila Tellado tiene al descubierto el pago de la prima concerniente a la fianza notarial,[1] la cual venció en mayo de 1999. Solicitó la cancelación de la referida fianza notarial.

    En vista de lo anterior, emitimos dos resoluciones fechadas 28 de diciembre de 1999 y 2

---

[1] Según nuestro expediente, la fianza notarial se otorgó el 2 de julio de 1993, renovable el 8 de abril de cada año.

de febrero de 2000.[2]  En la primera se le requirió a la licenciada Margarita Dávila Tellado que mostrara causa con relación a la Moción Informativa presentada por el Colegio de Abogados de Puerto Rico.  La resolución de 2 de febrero de 2000 hizo referencia a la resolución del 28 de diciembre de 1999, y a la inobservancia de ésta, concediéndole un término de diez (10) días a la aquí querellada para cumplir con la orden contenida en esta última.  Se ordenó que ambas resoluciones se notificaran personalmente a través de la Oficina del Alguacil de este Tribunal.

Surge de nuestro expediente, que el alguacil no ha podido diligenciar las referidas resoluciones por varias razones, entre ellas, las siguientes: (1) que la dirección que figura en el expediente es un apartado postal; (2) que el número telefónico que consta en el Directorio del Colegio de Abogados de 1996 es el número de telefax; (3) que en el nuevo Directorio del Colegio de Abogados surge del apartado asignado para consignar el número telefónico de la licenciada Dávila Tellado la palabra "moved"; (4) que no aparece número telefónico alguno registrado a nombre de la licenciada Dávila Tellado en la guía telefónica residencial, ni comercial.

Si la licenciada Dávila Tellado hubiese cumplido con su deber de notificar los cambios de su dirección residencial y de su oficina notarial a la Secretaria del Tribunal Supremo, conforme a la Regla 9(j) del Reglamento de este Tribunal, hubiese sido posible la notificación de las referidas resoluciones.


II

La Regla 9(j) del Reglamento del Tribunal Supremo[3] exige a todo abogado el deber de notificar al Secretario de este Tribunal cualquier cambio de dirección postal o física. De igual forma dispone el Art. 7 de la Ley Notarial de 1987[4] y la Regla 11 del Reglamento Notarial,[5] respecto a los notarios públicos.

---

[2] La Resolución de 28 de diciembre de 1999 le concedió un término de veinte (20) días, contados a partir de su notificación, para mostrar causa por la cual no debía ser suspendida del ejercicio de la notaría.  Se apercibió a la licenciada Dávila Tellado que el incumplimiento con los términos dispuestos en la resolución conllevaría la suspensión automática del ejercicio de la notaría y podría dar lugar a otras sanciones disciplinarias, conforme a lo dispuesto en In re Pagán Ayala, 115 D.P.R. 814 (1984).

En la Resolución de 2 de febrero de 2000 se apercibió a la licenciada Dávila Tellado que de incumplir con los términos de la resolución del 28 de diciembre de 1999  conllevaría la suspensión automática del ejercicio de la abogacía.

[3] 4 L.P.R.A. Ap. XXI-A, R. 9(j).  Dicha regla lee, en lo pertinente, de la siguiente forma:

(j) El(la) Secretario(a) ... [L]levará además, un registro de notarios(as) en el que inscribirá el nombre de los(as)abogados(as) autorizados(as) a ejercer el notariado, su residencia y la localización de la oficina notarial.  Los(as) notarios(as) deberán registrar en dicho registro su firma, signo, sello y rúbrica.  Todo(a) abogado(a) tendrá la obligación de notificar al(a la) Secretario(a) cualquier cambio de dirección postal o física.  Todo(a) notario(a) deberá notificar cualquier cambio en la localización de su oficina notarial.

[4] 4 L.P.R.A. sec. 2011. Dicho artículo lee, en lo pertinente, como sigue:

...en un Registro que con ese objeto se llevará en la oficina del Secretario del Tribunal Supremo de Puerto Rico, en el cual...

Incumplir con el deber de notificar cualquier cambio en la dirección postal o física menoscaba la facultad disciplinaria de este foro para velar porque los abogados cumplan fielmente los compromisos asumidos con la sociedad.[6] Tal desidia justifica como medida disciplinaria –conforme al poder inherente que tiene este Tribunal para reglamentar la profesión legal– una suspensión indefinida de la abogacía.[7]

El deber de notificar cualquier cambio en la dirección residencial y de la oficina notarial, es uno de los deberes que deben observarse rigurosamente, y su incumplimiento también acarrea sanciones disciplinarias.[8]

En In re Berríos Pagán, supra, el querellado no pudo ser localizado por la Oficina del Alguacil General de este Tribunal para ser notificado de las resoluciones que se habían emitido en relación con una queja presentada.[9] Este Tribunal decretó la suspensión indefinida de dicho abogado, por incumplir con su obligación de notificar al Secretario General del Tribunal Supremo de Puerto Rico cualquier cambio en su dirección postal.[10]

En el presente caso las resoluciones anteriormente mencionadas no pudieron ser notificadas a la querellada, no obstante las múltiples gestiones realizadas a esos efectos, por desconocerse absolutamente su paradero actual.

Reiteramos, una vez más, que "la naturaleza pública de que está revestida la profesión de abogado reclama de éste estricta observancia de los requerimientos de los tribunales".[11] Procede la suspensión provisional del ejercicio de la abogacía de un abogado que incurre en una "indebida, irrazonable e inexcusable tardanza" al contestar una querella, por cuanto la misma es "indicativa de una falta de respeto hacia los procedimientos" de este Tribunal.[12]

---

se hará constar también su residencia y la localización de su oficina notarial, **debiendo notificar cualquier cambio de residencia o de oficina notarial al mismo funcionario, dentro de los cinco (5) días siguientes de ocurrido.** (Énfasis nuestro.)

[5] 4 L.P.R.A. Ap. XXIV, R. 11. Dicha regla lee como sigue:
Todo notario, una vez admitido, notificará inmediatamente al secretario del Tribunal Supremo de Puerto Rico y al Director de la Oficina de Inspección de Notarías el lugar de su residencia, su dirección postal profesional y la localización de la oficina donde conservará el Protocolo de instrumentos públicos y el Registro de Testimonios. Asimismo, notificará cualquier cambio de residencia, de dirección postal o de localización de su oficina dentro de los cinco (5) días siguientes a la fecha del cambio.

Si tuviere Protocolo cumplirá, además, con lo dispuesto en la sec. 2077 de este título y la Regla 58 de este Apéndice.

[6] In re Rivera Fuster, res. 11 de junio de 1999, 99 TSPR 92, 99 J.T.S. 103, pág. 1222.

[7] In re Rivera Fuster, supra, pág. 1222; In re Berríos Pagán, 126 D.P.R. 458, 459 (1990); In re Aponte Sierra, 128 D.P.R. 177, 179 (1991); In re Serrallés, 119 D.P.R. 494, 495 (1987).

[8] In re Vargas Pérez, res. el 26 de marzo de 1998, 98 TSPR 31, 98 J.T.S. 43, pág. 808; In re Bringas Rechani, 128 D.P.R. 132 (1991); In re Rigau, Jr., 118 D.P.R. 89 (1986); In re Pagani Rodríguez, 109 D.P.R. 831 (1980).

[9] In re Berríos Pagán, supra, pág. 458.
[10] Íd., a la pág. 459.

[11] In re Pagán Ayala, 115 D.P.R. 814, 815 (1984).

[12] In re Díaz García, 104 D.P.R. 171, 174 (1975).

En el presente caso, la licenciada Dávila Tellado no ha presentado escrito para mostrar causa por la cual no debamos ejercer nuestra facultad disciplinaria, precisamente porque no se le ha podido notificar por haber incumplido con su deber de informar cualquier cambio de dirección residencial, postal y de su oficina profesional.  La conducta de la licenciada Margarita Dávila Tellado está reñida con su deber y obligación profesional para con este Tribunal.  Tal conducta ha tenido el efecto de menoscabar nuestra facultad disciplinaria.

Por los fundamentos antes expuestos, se separa a la licenciada Margarita Dávila Tellado inmediata e indefinidamente del ejercicio de la abogacía y de la notaría.

Se dictará sentencia de conformidad.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Colegio de Abogados de
Puerto Rico

      Querellante

          v.

Margarita Dávila Tellado

      Querellada

        TS-3835

      Falta de pago
      en prima de
      fianza notarial

SENTENCIA

San Juan, Puerto Rico, a 4 de octubre de 2000.

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se dicta Sentencia decretando la suspensión inmediata e indefinida del ejercicio de la profesión de abogada y de la notaría de Margarita Dávila Tellado, a partir de la notificación de esta Opinión Per Curiam y hasta que otra cosa disponga este Tribunal. Le imponemos a ésta el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro del término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes.

La Oficina del Alguacil de este Tribunal procederá, <u>de inmediato</u>, a incautarse de la obra notarial de Margarita Dávila Tellado, incluyendo su sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se le ordena al Alguacil del Tribunal que le notifique a la abogada Dávila Tellado copia de la presente Opinión y Sentencia a su última dirección conocida que se desprende de su expediente personal. La suspensión será efectiva a partir del depósito en el correo de dicha notificación.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo.

Isabel Llompart Zeno
Secretaria del Tribunal Supremo