*In re* Jorge L. Santiago Gauthier.

*Números:* AB-1997-149   *Resueltos:* 12 de enero de 2001
                4412

*Jorge Luis Santiago Gauthier, pro se; Carlos Lugo Fiol y Gustavo Gelpí, Procuradores Generales,* e *Yvonne Casanova Pelosi, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Por versar tanto la queja presentada por la Sra. Rosa Flores Capablanco (caso Núm. AB-1997-149) como la petición del Colegio de Abogados (caso Núm. 4412), sobre la conducta del Lcdo. Jorge L. Santiago Gauthier, las hemos consolidado. A continuación los hechos pertinentes.

El 12 de junio de 1998 suspendimos al Lcdo. Jorge L. Santiago Gauthier indefinidamente del ejercicio de la abogacía y la notaría por no haber pagado la cuota del Colegio de Abogados. Anteriormente, el 31 de enero de 1995, se le había suspendido del ejercicio de la notaría por nueve (9) meses por haber incumplido con su deber de rendir los índices notariales mensuales requeridos por la Ley Notarial de 1987. El 2 de julio de ese mismo año dejamos pendiente la investigación de la queja presentada en su contra por la Sra. Rosa Flores Capablanco hasta que el señor Santiago Gauthier solicitase la readmisión. Así las cosas, el 10 de diciembre de 1999, el licenciado Santiago Gauthier fue readmitido al ejercicio de la abogacía y el 14 de junio le concedimos al Procurador General un término para investigar la queja de la señora Flores Capablanco e informar el resultado a este Tribunal.

El 6 de julio del 2000 el Procurador General presentó un

informe preliminar del cual surge que el licenciado Santiago Gauthier fue en extremo negligente en la tramitación del caso de daños y perjuicios de su clienta la señora Flores Capablanco. En dicho caso *Rosa I. Flores Capablanco v. Autoridad Metropolitana de Autobuses, et al.*, Civil Núm. FDP 96-0382, Sala Superior de Carolina, el tribunal dictó sentencia el 4 de septiembre de 1997, desestimando la demanda por "el reiterado incumplimiento y desatención a órdenes del tribunal" del querellado.

El querellado reconoció su negligencia y le pagó a la quejosa, señora Flores Capablanco, tres mil quinientos dólares ($3,500) por los daños sufridos.

El 10 de julio del 2000 el Procurador General presentó un informe complementario. En éste, luego de analizar los documentos del caso civil Núm. FDP 96-0382, concluyó que el licenciado Santiago Gauthier había violado los Cánones 12 y 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Específicamente determinó que:

> Tanto del expediente del caso civil número FDP 96-0382 ante el Tribunal de Primera Instancia, Sala de Carolina, como de las propias admisiones del abogado querellado en este procedimiento surge que éste indudablemente incumplió con las disposiciones de los Cánones de Ética Profesional [12 y 18].

El Procurador General señaló, además, que durante la investigación el querellado no respondió a sus requerimientos en torno a los resultados de las conversaciones que éste había iniciado con la quejosa conducentes a resarcirle los daños que le pudo haber ocasionado por haber permitido que la causa de acción fuese desestimada.

El 14 de julio de 2000 le concedimos al querellado y a la quejosa término para que expusieran sus posiciones sobre el Informe Complementario del Procurador General. Apercibimos al licenciado Santiago Gauthier de que su incumplimiento podría conllevar la suspensión del ejercicio de la abogacía.

El licenciado Santiago Gauthier no ha cumplido. To-

mando en consideración su conducta negligente y de falta de diligencia en la tramitación del caso civil Núm. FDP 96-0382 y en el cumplimiento de los requerimientos del Procurador General y de este Tribunal, determinamos que el licenciado Santiago Gauthier violó los Cánones 12 y 18 del Código de Ética Profesional, supra. *In re Guemárez Santiago I*, 146 D.P.R. 27 (1998); *In re Pagán Ayala*, 115 D.P.R. 814 (1984); *In re Álvarez Meléndez*, 129 D.P.R. 495 (1991). Sin embargo, entendemos que existen atenuantes que tomamos en consideración, ya que el licenciado Santiago Gauthier pagó a la señora Flores Capablanco tres mil quinientos dólares ($3,500) por los daños sufridos como consecuencia de su conducta negligente y que ésta, al no comparecer y responder a nuestra Resolución de 14 de julio de 2000, no ha mostrado ulterior interés en este asunto.

De otra parte, el 2 de noviembre del 2000, el Colegio de Abogados presentó una petición en la cual nos informó que el licenciado Santiago Gauthier adeudaba al Colegio cuatrocientos veinticinco dólares ($425) por cuotas atrasadas para el período de 1999–2000 y nos solicitó su suspensión de la profesión de abogado. El 15 de diciembre emitimos una resolución, concediéndole término al querellado para que mostrara causa por la cual no lo debíamos suspender de la práctica de la abogacía. También le apercibimos de que el incumplimiento con esta resolución conllevaría "la suspensión automática del ejercicio de la abogacía". A pesar de este apercibimiento el licenciado Santiago Gauthier no ha comparecido, demostrando una vez más una actitud displicente hacia las órdenes del Tribunal y su falta de interés por continuar ejerciendo la profesión de abogado. En consecuencia, suspendemos al Lcdo. Jorge L. Santiago Gauthier inmediata e indefinidamente del ejercicio de la abogacía y hasta que otra cosa disponga este Tribunal.

El Tribunal *le impone a Santiago Gauthier el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera ho-*

*norarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.*

*Finalmente, éste deberá certificarnos en el término de treinta (30) días, contados a partir de la notificación de esta resolución, el cumplimiento de estos deberes, notificando también al Procurador General.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Rebollo López no intervino.