EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re: <br><br> Jorge L. Santiago Gauthier | Queja <br><br> 2001 TSPR 47 |

Número del Caso: AB-1997-149
　　　　　　　　　　4412

Fecha: 12/enero/2001

Oficina del Procurador General:

　　　　　　　　　　Lcda. Yvonne Casanova Pelosi
　　　　　　　　　　Procuradora General Auxiliar

Abogado de la Parte Querellada:

　　　　　　　　　　Por Derecho Propio

Materia: Conducta Profesional
　　　　(La suspensión es efectiva a partir del 28 de marzo de 2001, fecha en que se le notificó al abogado el Per Curiam y Sentencia)

　　　　Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

 Jorge L. Santiago Gauthier

                              AB-1997-149
                              4412


                              PER CURIAM


San Juan, Puerto Rico a 12 de enero de 2001


     Por versar tanto la queja presentada por la Sra. Rosa Flores Capablanco (AB-1997-149) como la petición del Colegio de Abogados (4412), sobre la conducta del Lcdo. Jorge L. Santiago Gauthier, las hemos consolidado. A continuación los hechos pertinentes.

     El 12 de junio de 1998 suspendimos al Lcdo. Jorge L. Santiago Gauthier indefinidamente del ejercicio de la abogacía y la notaría por no haber pagado la cuota del Colegio de Abogados. Anteriormente, el 31 de enero de 1995, se le había

suspendido del ejercicio de la notaría por nueve (9) meses por haber incumplido con su deber de rendir los índices notariales mensuales requeridos por la Ley Notarial de 1987. El 2 de julio de ese mismo año dejamos pendiente la investigación de la queja presentada en su contra por la Sra. Rosa Flores Capablanco hasta que el señor Santiago Gauthier solicitase la readmisión. Así las coas, el 10 de diciembre de 1999, el licenciado Santiago Gauthier fue readmitido al ejercicio de la abogacía y el 14 de junio le concedimos al Procurador General término para investigar la queja de la señora Flores Capablanco e informar el resultado a este Tribunal.

El 6 de julio del 2000 el Procurador General presentó un Informe Preliminar del cual surge que el licenciado Santiago Gauthier fue en extremo negligente en la tramitación del caso de daños y perjuicios de su clienta la señora Flores Capablanco. En dicho caso <u>Rosa I. Flores Capablanco</u> v. <u>Autoridad Metropolitana de Autobuses, et al.</u>, civil Núm. FDP 96-0382, Sala Superior de Carolina, el tribunal dictó sentencia el 4 de septiembre de 1997, desestimando la demanda por "el reiterado incumplimiento y desatención a órdenes del tribunal" del querellado.

El querellado reconoció su negligencia y le pagó a la quejosa, señora Flores Capablanco, tres mil quinientos dólares ($3,500) por los daños sufridos.

El 10 de julio del 2000 el Procurador General presentó un Informe Complementario. En el mismo, luego de analizar los documentos del caso civil Núm. FDP 96-0382 concluyó que el licenciado Santiago Gauthier había violado los Cánones 12 y 18 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Específicamente determinó que:

> Tanto del expediente del caso civil número FDP 96-0382 ante el Tribunal de Primera Instancia, Sala de Carolina, como de las propias admisiones del abogado querellado en este procedimiento surge que éste indudablemente incumplió con las disposiciones de los Cánones de Ética Profesional [12 y 18].

El Procurador General señaló además que durante la investigación el querellado no respondió a sus requerimientos en torno a los resultados de las conversaciones que éste había iniciado con la quejosa conducentes a resarcirle los daños que le pudo haber ocasionado por haber permitido que la causa de acción fuese desestimada.

El 14 de julio de 2000 le concedimos al querellado y a la quejosa término para que expusieran sus posiciones sobre el Informe Complementario del Procurador General. Apercibimos al licenciado Santiago Gauthier que su incumplimiento podría conllevar la suspensión del ejercicio de la abogacía.

El licenciado Santiago Gauthier no ha cumplido. Tomando en consideración su conducta negligente y de falta de diligencia en la tramitación del caso civil número FDP 96-0382 y en el cumplimiento de los requerimientos del Procurador General y de este Tribunal determinamos que el licenciado Santiago Gauthier violó los Cánones 12 y 18, supra. <u>In re: Gladys E. Guemarez Santiago</u>, 146 D.P.R. _____ (1998), 98 J.T.S. 102; <u>In re: Papiña Ayala</u>, 115 D.P.R. 814 (1984); <u>In re: Alvarez Meléndez</u>, 129 D.P.R. 495 (1991). Sin embargo,

entendemos que existen atenuantes que tomamos en consideración, ya que el licenciado Santiago Gauthier pagó a la señora Flores Capablanco tres mil quinientos dólares ($3,500) por los daños sufridos como consecuencia de su conducta negligente y que ésta, al no comparecer y responder a nuestra Resolución de 14 de julio de 2000, no ha mostrado ulterior interés en este asunto.

De otra parte, el 2 de noviembre del 2000, el Colegio de Abogados presentó una petición en la cual nos informó que el licenciado Santiago Gauthier adeudaba al Colegio de Abogados cuatrocientos veinticinco dólares ($425.00) por cuotas atrasadas para el período de 1999-2000 y nos solicitó su suspensión de la profesión de abogado. El 15 de diciembre emitimos resolución concediéndole término al querellado para que mostrara causa por la cual no lo debíamos suspender de la práctica de la abogacía. También le apercibimos que el incumplimiento con esta Resolución conllevaría "la suspensión automática del ejercicio de la abogacía." A pesar de este apercibimiento el licenciado Santiago Gauthier no ha comparecido demostrando una vez más una actitud displicente hacia las órdenes del Tribunal y su falta de interés por continuar ejerciendo la profesión de abogado. En consecuencia, suspendemos al Lcdo. Jorge L. Santiago Gauthier inmediata e indefinidamente del ejercicio de la abogacía y hasta que otra cosa disponga este Tribunal.

El Tribunal le impone a Santiago Gauthier el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Finalmente, éste deberá certificarnos en el término de treinta (30) días, contados a partir de la notificación de esta resolución el cumplimientos de estos deberes, notificando también al Procurador General.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Jorge L. Santiago Gauthier

AB-1997-149
4412

SENTENCIA

San Juan, Puerto Rico a 12 de enero de 2001

Por los fundamentos expuestos en la Per Curiam que antecede, se ordena la suspensión inmediata e indefinidamente del Lcdo. Jorge L. Santiago Gauthier del ejercicio de la abogacía y hasta que otra cosa disponga este Tribunal.

El Tribunal le impone a Santiago Gauthier el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país.

Finalmente, éste deberá certificarnos en el término de treinta (30) días, contados a partir de la notificación de esta resolución, el cumplimientos de estos deberes, notificando también al Procurador General.

Lo pronunció, manda el Tribunal y certifica la Subsecretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López no intervino.


Carmen E. Cruz Rivera
Subsecretaria del Tribunal Supremo