AB-1999-136                                                    1

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| In re:<br><br>    Luis A. Delgado Rodríguez | Queja<br><br>2001 TSPR 19 |

Número del Caso: AB-1999-136


Fecha: 25/octubre/2000


Oficina de Inspección de Notarías:

                              Lcda. Carmen H. Carlos
                              Directora

Abogado de la Parte Querellada:

                              Por Derecho Propio


Materia: Conducta Profesional

        Este documento constituye un documento oficial del Tribunal Supremo que está
        sujeto a los cambios y correcciones del proceso de compilación y publicación
        oficial de las decisiones del Tribunal. Su distribución electrónica se hace
        como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis A. Delgado Rodríguez

                              AB-1999-136

              PER CURIAM

       San Juan, Puerto Rico, a 25 de octubre de 2000.

       A pesar de que en el pasado este Tribunal ha sido muy riguroso al emitir sanciones contra abogados que incumplen con sus órdenes en procedimientos disciplinarios, hoy tenemos que nuevamente intervenir con un letrado que ignora nuestros requerimientos y desatiende sus obligaciones profesionales. En el caso particular de autos, la conducta demostrada por el Lcdo. Luis A. Delgado Rodríguez, al reiteradamente incumplir nuestras órdenes requiriendo su comparecencia y su contestación a las quejas instadas en su contra, evidencia una conducta de contumaz indiferencia ante los requerimientos de este Foro que conlleva

I

su suspensión indefinida del ejercicio de la abogacía y la notaría en nuestra jurisdicción.

La Junta de Retiro para Maestros, a través su Secretaria Ejecutiva Auxiliar, presentó ante este Tribunal una queja contra el Lic. Luis A. Delgado Rodríguez. Alegó que la Junta de Retiro tenía un contrato de servicios notariales con el Lcdo. Delgado Rodríguez mediante el cual éste se comprometió a presentar para inscripción al Registro de la Propiedad correspondiente las escrituras otorgadas por él. Además se obligó a subsanar cualquier deficiencia encontrada por el Registrador en sus escrituras.

En su misiva, la quejosa nos informó que detectó veinticuatro escrituras que no habían sido presentadas en los Registros de la Propiedad correspondientes. Además explicó que el notario tampoco había corregido las deficiencias encontradas por los Registradores en otras escrituras otorgadas.

El notario fue notificado de la queja presentada en su contra a su última dirección según consta en su expediente personal en este Tribunal. Sin embargo, no contestó ni la comunicación de la Secretaria del Tribunal notificando copia de la queja ni unos requerimientos de la Lcda. Carmen H. Carlos, Directora de la Oficina de Inspección de Notarías, sobre estas deficiencias.

La Directora de Inspección de Notarías por su parte nos sometió un Informe en el que señala que la "Inspectora de Protocolos, Lcda. Aurea I. Colón Maldonado, intentó inspeccionar al querellado en la dirección que constaba en nuestro expediente, pero al personarse a las oficinas en el Edificio IBM, Ave. Muñoz Rivera Núm. 654 recibió la misma respuesta que recibiera la Secretaria del Tribunal Supremo en cuanto al paradero del notario. Además, se le envió copia de tres comunicaciones anteriores, a la dirección residencial que aparece en nuestro expediente y también fueron devueltas". Finalmente, nos informa que en el expediente del notario hay "una carta dirigida por la secretaria del Lcdo. Ricardo Rodríguez Padilla, con fecha de 3 de enero de 2000, en la que hace constar que el querellado se mudó de oficina hacía tres años y que no tienen comunicación con él".

En su Informe la Directora de Inspección de Notarías concluye que el notario violó el Artículo 7 de la Ley Notarial al no notificar a la Secretaría del Tribunal Supremo su cambio de oficina notarial dentro de los cinco días siguientes a su traslado. Además, sostiene que violó el Artículo 53 de la Ley Notarial al trasladar sus protocolos y oficina notarial de su oficina y continuar rindiendo índices con una dirección falsa. Finalmente, le imputa violación de la Regla 13 del Reglamento Notarial al no rendir el Informe Estadístico Anual de Actividad Notarial para los años 1998 y 1999.

Recibido dicho Informe, este Tribunal le concedió al Lcdo. Delgado Rodríguez un término de veinte días para exponer su posición sobre el Informe de la Directora de Inspección de Notarías. Dicha orden fue notificada personalmente el 6 de julio del año en curso al Lcdo. Delgado Rodríguez a su dirección residencial.

Transcurridos los términos concedidos al Lcdo. Delgado Rodríguez sin que éste haya sometido su contestación al Informe presentado por la Lcda. Carmen H. Carlo, Directora de la Oficina de Inspección de Notarías, ni a la queja instada en su contra ante este Tribunal, y sin haber comparecido para justificar su incumplimiento con nuestras órdenes, procede que este Tribunal actué de inmediato.

II

Tomando en consideración su renuencia injustificada a contestar y su indiferencia en responder a los requerimientos de la Directora de Inspección de Notarías y a las órdenes de este Tribunal, lo cual de por sí conlleva la imposición de severas sanciones disciplinarias, In re Pérez Benabe, 133 D.P.R. 361 (1993); In re Ribas Dominicci, 131 D.P.R. 491 (1992); In re Nicot Santana, 129 D.P.R. 717 (1991); In re Colón Torres, 129 D.P.R. 490 (1991), se decreta la suspensión inmediata e indefinida del ejercicio de la abogacía y de la notaría en esta jurisdicción del abogado Luis A. Delgado Rodríguez.

Delgado Rodríguez deberá notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devolverá cualesquiera honorarios recibidos por trabajos no realizados, e informará oportunamente su suspensión a los distintos foros judiciales y administrativos del país.

Finalmente, Delgado Rodríguez deberá certificarnos en el término de treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, las gestiones que ha hecho para notificar a sus clientes y foros judiciales y administrativos lo antes expuesto.

El Alguacil de este Tribunal se incautará inmediatamente de la obra y sello notarial de Delgado Rodríguez para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Se dictará la Sentencia correspondiente.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Luis A. Delgado Rodríguez

                              AB-1999-136

                              SENTENCIA

San Juan, Puerto Rico, a 25 de octubre de 2000.

        Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte integral de la presente, se dicta Sentencia y se suspende inmediata e indefinidamente del ejercicio de la abogacía y de la notaría al abogado Luis A. Delgado Rodríguez.

        Delgado Rodríguez deberá notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devolverá cualquiera honorarios recibidos por trabajos no realizados, e informará oportunamente su suspensión a los distintos foros judiciales y administrativos del país.

        Finalmente, Delgado Rodríguez deberá certificarnos en el término de treinta (30) días, contados a partir de la notificación de este Per Curiam, las gestiones que ha hecho para notificar a sus clientes y foros judiciales y administrativos lo antes expuesto.

        El Alguacil de este Tribunal se incautará inmediatamente de la obra y                     sello                     notarial                     de

Delgado Rodríguez para el trámite correspondiente por la Directora de la Oficina de Inspección de Notarías.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo.


Isabel Llompart Zeno
Secretaria del Tribunal Supremo