EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Colegio de Abogados de Puerto Rico<br><br>    Querellante<br><br>        v.<br><br>Ramón R. Pizzini Arnott<br><br>    Querellado | 2002 TSPR 103<br><br>157 DPR _____ |

Número del Caso: 10,770


Fecha: 14/junio/2002


Colegio de Abogados de Puerto Rico:
                    Lcdo. Israel Pacheco Acevedo
                    Secretario Ejecutivo




Materia: Conducta Profesional
        (La suspensión es efectiva desde el 3 de julio de 2002,
        fecha en que se  le notificó  al abogado el Per Curiam
        y Sentencia)

        Este documento constituye un documento oficial del Tribunal
        Supremo que está sujeto a los cambios y correcciones del proceso
        de compilación y publicación oficial de las decisiones del
        Tribunal. Su distribución electrónica se hace como un servicio
        público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Colegio de Abogados de
Puerto Rico

    Querellante

      v.                     10,770

Ramón R. Pizzini Arnott

    Querellado

Falta de pago en
prima de fianza
notarial

PER CURIAM

San Juan, Puerto Rico, a 14 de junio de 2002.

Nos enfrentamos nuevamente con una conducta impropia e inaceptable para cualquier miembro de la profesión legal. Se trata de la falta de cumplimiento con las órdenes que este Tribunal dicta a los abogados durante el trámite de un procedimiento disciplinario iniciado en su contra. Por este motivo, nos corresponde actuar, en el ejercicio de nuestra jurisdicción disciplinaria.

I

El 13 de agosto de 2001, el Colegio de Abogados de Puerto Rico presentó una "Moción Informativa" ante esta Curia exponiendo que el aquí querellado, licenciado Ramón Pizzini Arnott,

mantenía al descubierto su fianza notarial,[1] la cual había vencido desde enero de ese mismo año. Solicitó que se cancelara la fianza prestada por el referido letrado.

En atención a la moción informativa arriba reseñada, emitimos una resolución el 27 de septiembre de 2001 concediéndole un término de veinte (20) días, a partir de la notificación de la misma, para que mostrara causa por la cual no debería ser suspendido como notario. Se le apercibió que el incumplimiento con la referida orden conllevaría la suspensión del ejercicio de la notaría y podría dar lugar a la imposición de sanciones disciplinarias adicionales. La orden fue notificada el 3 de octubre de 2001. El querellado no compareció. Ante esa situación, el 24 de octubre de 2001, emitimos una nueva resolución concediéndole un término de diez (10) días para cumplir con nuestra orden de 27 de septiembre de 2001. Se ordenó la notificación personal al querellado y se le apercibió sobre las consecuencias de su incumplimiento.

El 28 de febrero de 2002, el señor Edgardo Vargas Santana, Alguacil Auxiliar del Tribunal Supremo, intentó diligenciar la orden al querellado, pero su señora madre le informó que éste estaba residiendo en Estados Unidos. Así las cosas, la Secretaria del Tribunal Supremo notificó, mediante correo certificado con acuse de recibo, la orden a la dirección que le había brindado la progenitora del querellado. La misma fue recibida el 8 de marzo de 2002, según consta del acuse de recibo. El querellado tampoco compareció para

---

[1] El Artículo 7 de la Ley Notarial de Puerto Rico, 4 L.P.R.A. sec. 2011, dispone, en su parte pertinente, lo siguiente:

...

Ninguna persona autorizada para practicar la profesión notarial en Puerto Rico podrá ejercerla sin tener prestada y vigente una fianza por una suma no menor de quince mil (15,000) dólares para responder del buen desempeño de las funciones de su cargo y de los daños y perjuicios que por acción u omisión cause en el ejercicio de su ministerio. ...

La fianza deberá ser renovada anualmente y aprobada por el Tribunal Supremo de Puerto Rico, el que pasará sobre su suficiencia en cuanto a las hipotecarias, las cuales deberán inscribirse en el registro de la propiedad correspondiente, antes de su aprobación final.

cumplir con lo ordenado.  Ante ese cuadro fáctico, resolvemos sin ulteriores procedimientos.

II

Los abogados están obligados a responder de manera diligente a los requerimientos de esta Curia, en especial si se trata de un procedimiento disciplinario.[2]  Esta obligación existe y obliga al abogado sin importar los méritos que pueda tener la querella investigada.[3]  La conducta obstinada e incomprensible de los miembros de la profesión jurídica al no responder a nuestras órdenes, nos ha llevado a imponerle a los querellados drásticas sanciones.[4]

La razón de ser para la imposición de estas sanciones es que la función inherente de los abogados los obliga a atender de manera escrupulosa las órdenes de esta Curia y a obedecer nuestras disposiciones.[5]  A este respecto nos expresamos en In re Santiago Méndez, supra,[6] citando a In re Colón Torres,[7] de la manera siguiente:

> Es conocido ya por todos los miembros de la clase togada que la naturaleza de su función requiere *una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando de su conducta profesional se trata*.  Aunque parezca increíble, la necesidad de esta manifestación y la frecuencia con la que nuestras órdenes son desacatadas la hace imperiosa.  Todos los abogados tienen el deber de responder diligentemente a los requerimientos de este Tribunal respecto a una queja presentada en su contra que está siendo investigada.  *In re Pagán Ayala*, 115 D.P.R. 814 (1984).  Con demasiada frecuencia innumerables miembros de la profesión arriesgan sus títulos con la actitud de dejadez y desidia que demuestran.  *En muchas más ocasiones que las deseables, simples amonestaciones se convierten en suspensiones indefinidas por la testarudez y contumacia de los abogados que no cumplen con nuestras órdenes*.  (Énfasis en el original.)

---

. . .

[2] In re Ron Menéndez, res. el 24 de agosto de 1999, 99 T.S.P.R. 133, 149 D.P.R. ___ (1999), 99 J.T.S. 139.

[3] Íd.

[4] In re Soto Colón, res. el 9 de noviembre de 2001, 2001 T.S.P.R. 166, 155 D.P.R. ___ (2001), 2001 J.T.S. 166.

[5] In re Santiago Méndez, 129 D.P.R. 696 (1991).

[6] Pág. 697.

[7] 129 D.P.R. 490, 493-494 (1991).

III

En el caso ante nuestra consideración, el querellado se ha negado a cumplir con nuestros requerimientos sin justificación válida. En dos ocasiones le hemos ordenado que muestre causa por la cual no debería ser disciplinado. No compareció, a pesar de haber sido advertido de las consecuencias que su incumplimiento conllevaría. La actitud del querellado demuestra un incumplimiento craso para con sus deberes y obligaciones como abogado. Procede, por tanto, suspenderlo indefinidamente del ejercicio de la abogacía y de la notaría, y hasta que otra cosa disponga este Tribunal.

Procede, además, que le impongamos a Ramón R. Pizzini Arnott el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá certificarnos, dentro de un término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes.

Se apercibe, además, a Ramón R. Pizzini Arnott que la Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de su obra notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Se dictará sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Colegio de Abogados de
Puerto Rico

      Querellante

         v.

Ramón R. Pizzini Arnott

      Querellado

                        Falta de Pago en
                        Prima de Fianza
          10,7770    Notarial

SENTENCIA

San Juan, Puerto Rico, a 14 de junio de 2002.

     Por los fundamentos expuestos en la Opinión <u>Per Curiam</u> que antecede, la cual se hace formar parte íntegra de la presente, se dicta sentencia decretando la suspensión inmediata e indefinida de Ramón R. Pizzini Arnott del ejercicio de la notaría y de la abogacía, y hasta que otra cosa disponga este Tribunal.

     Le imponemos a Ramón R. Pizzini Arnott el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del país. Deberá, además, certificarnos dentro de un término de treinta (30) días, a partir de su notificación, el cumplimiento de estos deberes.

     La Oficina del Alguacil de este Tribunal procederá, de inmediato, a incautarse de la obra notarial de Ramón R. Pizzini Arnott, incluyendo su sello notarial, luego de lo cual entregará la misma a la Oficina de Inspección de Notarías para el correspondiente examen e informe a este Tribunal.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. Los Jueces Asociados señores Fuster Berlingeri y Corrada del Río no intervinieron.


Patricia Otón Olivieri
Secretaria del Tribunal Supremo