EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: | 2006 TSPR 66 |
| Rosalinda Pesquera Annexy | 167 DPR _____ |

Número del Caso: TS-4614

Fecha: 31 de marzo de 2006

Materia: Conducta Profesional
    (La suspensión será efectiva el 3 de abril de 2006 fecha
    en que se le notificó a la abogada de su suspensión
    inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Rosalinda Pesquera Annexy                    TS-4614

PER CURIAM

San Juan, Puerto Rico, a 31 de marzo de 2006

Los hechos, en apretada síntesis, que dan lugar a la acción disciplinaria que hoy tomamos revelan que mediante Resolución, de 8 de abril de 2005, denegamos, el recurso de certiorari que la Lcda. Rosalinda Pesquera Annexy radicara en representación de la parte demandante-peticionaria Ralph J. Sierra y otros, Caso CC-2004-1218.[1] La licenciada Pesquera radicó una primera moción de reconsideración, la cual, igualmente, denegamos mediante Resolución del 6 de mayo de 2005. La licenciada Pesquera radicó una segunda moción de

_____

[1] En el mencionado recurso, también figuraba como abogada de la parte demandante peticionaria la Lcda. Judith Berkan.

reconsideración, que fue <u>denegada</u> "por falta de jurisdicción por presentación tardía".

Ello no obstante, y para nuestra sorpresa, la licenciada Pesquera radicó una <u>tercera</u> moción de reconsideración.[2] El 26 de agosto de 2005 <u>denegamos</u> la misma "por falta de jurisdicción y por ser la misma frívola". En la Resolución que a esos efectos emitiéramos[3], le impusimos a la licenciada Rosalinda Pesquera una sanción de $200, a ser depositada en la Secretaría del Tribunal mediante giro bancario o cheque certificado a nombre del Secretario de Hacienda.

La licenciada Pesquera pidió reconsideración de la sanción impuesta, solicitando que la misma fuese dejada sin efecto por este Tribunal. Declaramos la misma <u>sin lugar</u> mediante Resolución del 14 de octubre de 2005, expresando que la licenciada Pesquera debía atenerse a lo dispuesto "bajo apercibimiento de sanciones disciplinarias adicionales". Dicha Resolución fue <u>notificada</u> el 18 de octubre de 2005.

A pesar del tiempo transcurrido, la Lcda. Rosalinda Pesquera <u>no</u> ha satisfecho la sanción económica que le fuera impuesta. <u>Resolvemos</u>.

---

[2] En esta ocación, la Lcda. Judith Berkan <u>no</u> suscribió dicho escrito.

[3] Esta Resolución fue emitida por una Sala Especial de Verano integrada por el Juez Presidente señor Hernández Denton y los Jueces Asociados señor Fuster Berlingeri y señor Rivera Pérez.

I

Resulta verdaderamente sorprendente que un abogado ponga en riesgo su título y el ejercicio de su profesión por desacatar las órdenes que, con relación a su conducta profesional, emita este Tribunal. Nos llama la atención la frecuencia con la que este Tribunal se enfrenta a esta clase de situación. Somos del criterio que el tiempo y esfuerzo invertido en obtener su grado académico, y los sacrificios que conlleva la admisión a la profesión, deberían ser incentivos suficientes para que los miembros de la clase togada actúen de manera distinta ante los requerimientos que les hace este Tribunal.

En reiteradas ocasiones hemos expresado que el compromiso de todo abogado de mantener y contribuir a un orden jurídico íntegro y eficaz, con el propósito de lograr la más completa confianza y apoyo de la ciudadanía, se extiende no sólo a la esfera de la litigación de causas, sino también a la jurisdicción disciplinaria de este Tribunal. *In re* Cuevas Vélez, res. el 30 de mayo de 2002, 2002 T.S.P.R. 108; *In re* Ríos Acosta, 143 D.P.R. 128 (1997). Asimismo, hemos sido enfáticos al señalar que la naturaleza pública de la profesión de abogado le impone a la clase togada la obligación de observar rigurosamente los requerimientos de este Tribunal, particularmente cuando se trata de asuntos disciplinarios sometidos ante nuestra consideración. *In re* Vázquez Santiago, res. el 20 de diciembre de 2001, 2002 TSPR 19.

En ese sentido es importante resaltar que el incumplimiento por parte de un abogado con las órdenes emitidas por este Tribunal dentro del procedimiento disciplinario, constituye una falta ética separada y distinta a los méritos de la queja, que conlleva la imposición de sanciones disciplinarias severas.[4] Ello considerando que "[e]l patrón de dejadez e incumplimiento con nuestras órdenes en la esfera disciplinaria es incompatible con el ejercicio de la abogacía." In re Vargas Soto, 146 D.P.R. 55, 62 (1998).

Como señaláramos en Colegio de Abogados de Puerto Rico v. Pizzini Arnott, res. el 14 de junio de 2002, 2002 TSPR 103, el "[d]esatender nuestras órdenes en el curso de un procedimiento disciplinario, revela una gran fisura del buen carácter que debe exhibir todo miembro de la profesión legal." Dicho proceder constituye un acto de indisciplina, desobediencia, displicencia, falta de respeto y contumacia hacia este Tribunal que, definitivamente, no estamos dispuestos a aceptar. Reiteramos que "no toleraremos la incomprensible y obstinada negativa de un miembro de nuestro foro de cumplir con [nuestras] órdenes." In re Guemárez

---

[4] In re Pérez Brasa, res. el 10 de diciembre de 2002, 2002 TSPR 46; In re Vázquez Santiago, res. el 20 de diciembre de 2001, 2001 TSPR 19; In re Figueroa Carrasquillo, res. el 2 de enero de 2001, 2001 TSPR 11; In re López López, 149 D.P.R. 82 (1999); In re Vargas Soto, 146 D.P.R. 55 (1998); In re Ríos Acosta I, 139 D.P.R. 117 (1995); In re Pérez Benabe, 133 D.P.R. 361 (1993); In re Ribas Dominicci I, 131 D.P.R. 491 (1992); In re Nicot Santana, 129 D.P.R. 717 (1992).

Santiago I, 146 D.P.R. 27, 28 (1998); véase, además: *In re Nicot Santana*, 129 D.P.R. 717, 718 (1992).


                              II

La actitud de dejadez y desidia que ha demostrado la Lcda. Rosalinda Pesquera ante la orden emitida por este Tribunal constituye prueba incontrovertible de que ésta no interesa continuar siendo miembro de la profesión. Dicho proceder constituye una falta de respeto a este Tribunal que, bajo ningún concepto, estamos dispuestos a tolerar.

Por los fundamentos antes expresados, se decreta la suspensión indefinida e inmediata de Rosalinda Pesquera Annexy del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Rosalinda Pesquera Annexy                TS-4614

SENTENCIA

San Juan, Puerto Rico, a 30 de marzo de 2006

Por los fundamentos expuestos en la Opinión Per Curiam que antecede, la cual se hace formar parte íntegra de la presente, se decreta la suspensión indefinida e inmediata de Rosalinda Pesquera Annexy del ejercicio de la abogacía y de la notaría en nuestra jurisdicción.

Le imponemos a ésta el deber de notificar a todos sus clientes de su presente inhabilidad para seguir representándolos, les devuelva cualesquiera honorarios recibidos por trabajos no realizados, e informe oportunamente de su suspensión a los distintos foros judiciales y administrativos del País. Además, deberá certificarnos dentro del término de treinta días, a partir de la notificación de esta Sentencia, el cumplimiento de estos deberes.

El Alguacil de este Tribunal procederá a incautarse de la obra y sello notarial de Rosalinda Pesquera Annexy, luego de lo cual entregará los mismos a la Oficina de Inspección de Notarías para su examen e informe a este Tribunal.

Así lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. La Juez Asociada señora Rodríguez Rodríguez inhibida.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo